# Gardner v. Head.

*Action on the Case and Trover.*

108  619
111  396
108  619
119  461
108  619
o132 569

1. *Tenancy in common.*—Where two parties enter into a contract to make a crop, by which one agrees to furnish the land and mules, and the other to furnish the labor, they are tenants in common in the crop.

2. *Lien of tenant in common for advances; priority.*—The lien of one tenant in common under § 3075 of the Code, for advances made his co-tenant, is superior to that of a mortgage on the crop executed by the laborers of his co-tenant, where the mortgagee had notice of the facts, although the contract of the laborers was such as to make them tenants in common with their employer in the crop raised by them.

APPEAL from Pike Circuit Court.·
Tried before Hon. JNO. R. TYSON.

The appellant sued the appellee, declaring upon two counts, one in case, for interfering with a lien claimed by plaintiff, and the other in trover, for a conversion of certain property. The object of the suit was to recover from the defendant, a balance due him by Livingston for advances. The material facts are contained in the opinion.

From a judgment for defendant, plaintiff appeals.

JNO. D. GARDNER, for appellant, cited *Collier v. Faulk*, 69 Ala. 58; *Shields v. Kimbrough & Purnell*, 64 Ala. 504.

HUBBARD, WILKERSON & HUBBARD, *contra*, cited Code,

§ 3065; 69 Ala. 58; *Scheussler v. Gaines*, 68 Ala. 556; *Bell v. Hunt and McWhorter*, 75 Ala. 44.

COLEMAN, J.—The plaintiff, Gardner, and one Livingston, entered into a contract to make a crop of cotton and corn, by which Gardner was to furnish the land and five mules to make the crop and to feed the mules, and Livingston agreed to furnish the labor; the crops to be divided equally between them. The contract is within the provision of § 3065 of the Code of 1886, and the parties became tenants in common of the crop. This question was directly adjudicated in *Adams v. The State*, 87 Ala. 89, if an adjudication was necessary to establish so clear a proposition.—2 Brick. Dig., § 129. Section 3075 of the Code reads as follows: "Persons farming on shares, or raising crops by joint contributions, in such manner as to make them tenants in common in such crops, or their assignees, shall each have a lien upon the interest of the other in such crops for any balance due for provisions, supplies, teams, materials, labor, services and money, or either, furnished to aid in cultivating and gathering such crops, under contract, or furnished when the interest of such crops require it, in case of a failure of either to contribute the amount and means as agreed upon by the parties." Gardner made advances to Livingston as provided for in this section, and fed the five mules. Livingston employed labor, and agreed with the laborers to furnish them land and two mules to make a crop on equal shares. The land and mules furnished by him to the laborers were the same as those furnished by Gardner, and the mules were fed by Gardner as agreed in his contract with Livingston. These laborers employed by Livingston executed a mortgage on their share of the crop to the defendant. All the parties knew of the terms of the contract between Gardner and Livingston, and that the former was making advances to Livingston. By the terms of the contract between Livingston and his laborers or employés, the relation of tenants in common was created between them as to the crops. The only question is, whether the contract of Livingston and the laborers employed by him, by which the relation of tenants in common was created as between them, displaced and annulled the lien given by § 3075, *supra*, to Gardner for advances made to Livingston, his co-tenant.

[Giddens v. Powell.]

It would seem that a statement of the proposition would furnish the answer. Those employed by Livingston contracted with him subject to the lien given to Gardner by the statute. Whether Livingston performed all the labor himself, or employed labor for money wages, or for a share of his share of the crop, could not divest Gardner of his lien, or in any manner diminish or affect it. As between Livingston and his employés, the contract would be binding according to its stipulations, but would not bind Gardner who was not a party to it. He agreed to furnish the land and teams and feed them and make necessary advances. This he did. Livingston agreed to furnish the labor to make the crop. This he did. Under these conditions, the law declares them to be tenants in common, and the statute gives Gardner a lien on the other share of the crop for advances. By no contract of Livingston to which Gardner was not a party, could the statutory security given to Gardner be misplaced, diminished or annulled. Those who contracted with him did so *cum onere*. It follows that the Circuit Court erred, and the cause must be reversed.

Reversed and remanded.

The judgment in this case must be entered as of the day of submission.