# Ragsdale v. Kinney.

### *Attachment for Rent and Advances.*

1. *Signing bill of exceptions; computation of time.*—In computing the time for signing bill of exceptions required by order of court to be signed within a given number of days after adjournment, the first day after adjournment is excluded.

2. *Affidavit for attachment; rent and advances in gross.*—In an affidavit for attachment to enforce a lien for rent and advances, it is permissible to state the amount of both rent and advances in gross.

3. *Amendment of affidavit; departure.*—The affidavit for attachment to enforce a landlord's lien, averring in general terms that the tenant "is justly indebted" to the landlord "for rent and advances" in the sum named, may be amended by showing an amount due as the reasonable value of the landlord's share in the crop for rents, and another sum due for advances, as defined in the statute. Such amendment is not subject to objection on the ground of departure.

4. *Complaint; rent and advances in same count.*—Claims for rent and advances due a landlord may be joined in the same count, or in separate counts of the same complaint.

5. *Plea showing contract of hire.*—A plea showing that plaintiff and defendant are tenants in common of a crop under a contract of hire, (Code of 1896, §2712), is a sufficient answer to a complaint to enforce a landlord's lien based on the relation of landlord and tenant.

6. *Lien of tenants in common.*—Tenants in common, under the conditions provided in Code of 1896, §2760, have a lien on each others interest in the crops, and are empowered by statute (Code of 1896, §2761) to sue their co-tenants and enforce their respective rights and claims, upon the same grounds and in like manner, as landlords against their tenants; but such lien does not extend to advances made to defendant "by another at his" (plaintiff's) "instance and request, for which he became legally bound or liable," etc.

7. *Advances, what are.*—The landlord's lien for advances is not confined to those made after the beginning of the crop.

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

F. H. Finney made affidavit for attachment averring: "That he is the landlord of J. K. Ragsdale and that the said J. K. Ragsdale is his tenant of what is known as

the Barnett place in Cullman County, Alabama, and that the said J. K. Ragsdale is justly indebted to the said F. H. Finney for rent and advances in the sum of one hundred and ninety-three dollars and that the said J. K. Ragsdale has removed from said premises or otherwise disposed of a part of said crops, without first paying the rent and advances and without the consent of F. H. Kinney, his landlord, and this attachment is not sued out for the purpose of vexing or harrassing the said defendant." Defendant filed a plea in abatement to the affidavit on the grounds among others; that the affidavit does not show a debt due for rent in a sum certain, for the current year; nor show what part of the debt or demand is for rent and what part is for advances; nor show when nor for what purpose the advances were made; nor that the advances were such as gave plaintiff a lien. The court sustained demurrers to the plea and defendant excepted. The same objection was made by motion to discharge the levy in so far as it sought to enforce a lien for advances. The plaintiff by leave of the court filed an amended affidavit, as follows: "Before me, Chas. Grafton, Clerk of the said Circuit Court, personally appeared F. H. Kinney, who being duly sworn, deposes and says that J. K. Ragsdale is justly indebted to him in the sum of two hundred and forty-one and 7-100 dollars, which said amount is justly due, after allowing all just offsets and discounts, for rent and advances as follows: that the sum of fifty-nine and 50-100 dollars was due from said Ragsdale for rent of the Barnett place in Cullman County, Alabama, for the year 1894, and due not later than the 25th day of December, 1894. That said Ragsdale rented the said place for said year, and as rent was to give plaintiff one-half of the cotton in bales and one-third of seed cotton; and there was grown on said farm for said year four bales of cotton and 2,200 lbs. of seed cotton not divided, and the one-half of the bale cotton was reasonably worth the sum of fifty dollars and one-third of said seed cotton was reasonably worth the sum of nine and 50-100 dollars and that the sum of $181.57 was due on the 25th day of December, 1894, as and for advances made by said Kinney to said Ragsdale as his tenant for the year 1894 in money, or other things in value for the sustenance and well being of said Ragsdale and his family, for preparing the ground for cultivation,

gathering, saving, handling, or preparing the same crop for market for the said year 1894, and the said J. K. Ragsdale being at the time of making the said advances and during the year 1894 the tenant of said affiant of what is known as the Barnett place in Cullman County, Alabama, owned by said affiant, and that said J. K. Ragsdale has removed from the premises or otherwise disposed of a part of the crop at the time of sueing out said attachment without paying such rent and advances or either and without the consent of his landlord, this affiant, and that this attachment is not sued out for the purpose of vexing or harassing the defendant or other improper motives." The defendant filed a plea in abatement on the grounds, among others: That the amended affidavit is a departure from the original cause of action; that there is a variance in the amount claimed; and that it does not set out the articles advanced or property purchased with money advanced or obtained by barter in exchange for articles advanced. The court overruled the plea and the defendant excepted. The same question was presented by motion to strike. The complaint contained seven counts. Of these 4, 5, 6 and 7, were the common counts and were stricken out on demurrer. Counts 1, 2 and 3 substantially followed the amended affidavit, in No. 1, claims for rent and advances being joined, and in Nos. 2 and 3, claimed separately. Defendant, by plea in abatement, motion to strike, and demurrer, presented the same objection to the complaint as to the amended affidavit, and further that claims for rent and advances were improperly joined in the same count. These objections were overruled and defendant excepted. The defendant pleaded non-assumpsit, payment, and set off, and a special plea, No. 6, set out in the opinion. To this special plea the court sustained a demurrer by plaintiff on the ground that "the facts set out therein show that the relation of landlord and tenant existed between the parties to the suit, and it is therefore no answer to the complaint." The defendant excepted. The evidence for plaintiff tended to show that the defendant leased from the plaintiff a farm known as the Barnett place under a contract by which the plaintiff was to furnish the land and the teams, the feed for the teams and the tools for the cultivation of the crops; the defendant to furnish the hands and the labor

for the cultivation of the crops, the crops to be divided equally between the plaintiff and the defendant; that this contract was made and entered into in November or December, 1893, and that the defendant moved upon the place on or about the first of December, 1893, that the defendant under the contract cultivated and raised a crop of corn and cotton on said farm during the year 1894, that the crop was gathered by the defendant, but that the plaintiff had received no part of the same as rent. There was testimony offered tending to show the value of the plaintiff's part of the crop, and that the crop attached was a part of crops grown on said premises for that year. The plaintiff offered in support of his claim for advances a store account of the defendant consisting of goods and merchandise furnished the defendant by P. H. Kinney, a brother of the plaintiff, for which the plaintiff testified he stood good to his brother, and also an account for articles furnished to the defendant by the plaintiff from the farm, and other goods furnished by the plaintiff. The store account embraced about one-half or more of the claim for advances; the testimony showed that the agreement by which the plaintiff was to stand good to P. H. Kinney for the articles furnished from the store was an agreement made between the plaintiff and his brother and in presence of defendant and his wife. In these accounts there were items furnished in the fall of 1893 before any preparation of the soil had been commenced for the crop, and on the store account were items of tobacco furnished to the defendant. The defendant offered to prove certain items of set-off against P. H. Kinney. The court sustained plaintiff's objection and defendant excepted. The court among others gave the following charge requested in writing by plaintiff: "The court charges the jury that under the undisputed evidence in this cause the relation of landlord and tenant existed between plaintiff and defendant for the year 1894;" and refused the following, among others, requested by defendant in writing: "The court charges the jury if they find from evidence that items constituting plaintiff's account for advances were furnished to the defendant before the time he commenced preparing for the crop of 1894, such items are not proper charges against the defendant in the action and should not be allowed." The court said to the jury *ex moro motu:* "I

[Ragsdale v. Kinney.]

cannot agree with the attorneys in this case in regard to the contention that plaintiff cannot recover for the advances made before the commencement of the preparation for the crop. The advances are intended for indoor folks as well as outdoor folks; the law never intended that the tenant's family should starve before they could get anything from the landlord, because he had not commenced preparation for the crop." To this the defendant excepted. There are many other assignments of error but this is deemed sufficient to present the questions decided in the opinion. The appellee made a motion to strike the bill of exceptions because not signed within time allowed by order of court. The records show the following orders: Order during term extending time thirty days after adjournment, March 28, 1896; April 23d, extended sixty days in addition to the time heretofore given; July 27th, extended twenty days in addition to time heretofore given. The bill was signed August 5, 1896.

J. B. BROWN, for appellant.—On motion to strike bill of exceptions, cited Code of 1896, 11; 26 Am. and Eng. Encyc. of Law, pp. 10, 11, note 5; 2 Bou. Law Dic. Title "Time." On the plea in abatement to the original and amended affidavit, on motion for a discharge of the levy and on demurrer to the complaint for misjoinder, Knowles v. Steel, 79 Ala. 427; Baxley v. Seagrast, 85 Ala. 183; Robinson v. Holt, 85 Ala. 596; Dosier v. Robinson, 82 Ala. 408; Ballard v. Stephens, 92 Ala. 616; 3 Brick. Dig. 608, §§154, 158; Fitzsimmons v. Howard, 69 Ala. 590; Cockburn v. Watkins, 76 Ala. 486; Beard v. Wood, 78 Ala. 317; Giddens v. Bolling, 93 Ala. 94; Powell v. Henry, 96 Ala. 412; Frieder v. Goodwin Mfg. Co., 101 Ala. 244; McAbee v. Parker, 78 Ala. 573; Perkerson v. Snodgrass, 85 Ala. 137. Plea No. 6 was good in bar of the action.—Adams v. State, 87 Ala. 89.

GEO. H. PARKER, contra.—On motion to strike bill of exceptions, cited, Rosson v. State 92 Ala. 76; Bass Furnace Co. v. Glasscock ,86 Ala. 244; Allen v. Elliott, 67 Ala. 432; Loosse v. Vogel, 80 Ala. 308. The affidavit was sufficient.—Cockburn v. Watkins, 76 Ala. 486; Fitzsimmons v. Howard, 69 Ala. 590. The amendment was properly allowed.—Code of 1896, §2998; Richard v. Bes-

[Ragsdale v. Kinney.]

*tor,* 90 Ala. 352; Motion to discharge levy, 93 Ala. 92. Demurrer to plea No. 6 properly sustained.—*Wilson v. Stewart,* 69 Ala. 302.

COLEMAN, J.—The motion to strike the bill of exceptions cannot prevail. The first order of the court made during term time, allowed the appellant thirty days from the adjournment of court. Excluding the first day after adjournment from the computation, the subsequent orders of the court were made within time. Code of 1896, §11.

We will not undertake to follow in detail the many exceptions and assignments of error insisted upon, but will declare general principles of law which cover them all. The action was begun by attachment by a landlord against his tenant, for rent and advances. It is permissible to state in the affidavit a gross sum due for rent and advances.—*Giddens v. Bolling,* 93 Ala. 92. The amended affidavit, and which amendment was properly allowed, seems to be regular and full and free from objection. All the objections by the defendant, whether raised by plea in abatement, demurrer or otherwise, on account of any supposed defect in the affidavit, were properly held to be insufficient.

The judgment entry shows that the 9th, 10th and 11th grounds of demurrer to the complaint were sustained. We are not informed as to any amendment made to the complaint so as to make it conform to the ruling of the court. As no question is raised on this account, we presume the trial proceeded upon the counts counting for rent and advances.

The claims for rent and advances due a landlord are of such kindred character, and treated and provided for in such a manner by the statute, we are of opinion they can be joined in one count, or in separate counts of the same complaint.

The affidavit made by plaintiff for the suing out of the attachment, the attachment writ, and complaint, rest upon the proposition that the relation of landlord and tenant existed between plaintiff and defendant. As a defense to this action the defendant pleaded as the sixth plea, "that it was expressly agreed between plaintiff and defendant, that the plaintiff was to furnish the lands and the necessary teams and tools for the cultiva-

tion of said farm of the plaintiff, and it was further agreed that the crop was to be divided, that is to say, the plaintiff was to have as his share of the crop one-half of the cotton in bales, and one-third of the seed cotton, and one-third of the other crops grown on the place for the year 1894, and the defendant was to have for his share the remaining portion of said crops, etc."

Section 2712 of the Code of 1896 (Code of 1896 §3065) is as follows: *"What a contract of hire.*—When one party furnishes the land and the team to cultivate it, and another party furnishes the labor, with stipulations, express or implied, to divide the crop between them in certain proportions, the contract of hire shall be held to exist." The statute then gives a lien to the *laborer*, which may be enforced "in the same cases as a lien in favor of a *landlord.*"

If the facts set up in this plea be true, the relation of landlord and tenant did not exist, and there would be such a variance between the declaration in its then condition and the proof as to defeat a recovery. We think the court erred in sustaining the demurrer to this plea. The conclusion of the plea, that plaintiff had no lien, was a mere conclusion of the pleader from the facts, but did not vitiate the legal effect of the agreement as stated in the plea.

Section 2760 of the Code of 1896 provides as follows: *"Lien of tenant in common on crop of co-tenant.*—Persons farming on shares, or raising crops by joint contributions, in such manner as to make them tenants in common in such crops, or their assignees, shall each have a lien upon the interest of the other in such crops for any balance due for provisions, supplies, teams, materials, labor, services and money, or either, furnished to aid in cultivating and gathering such crops, under contract, or furnished when the interest of such crops requires it, in case of a failure of either to contribute the amount and means as agreed upon by the parties."

Section 2761 is as follows: *"Lien enforceable by attachment; grounds; remedy cumulative.*—Such lien may be enforced by attachment upon the grounds, and in the manner provided for the enforcement of the landlord's lien on crops grown on rented lands; but this section shall not prevent the enforcement of such lien by any other remedy."

In the case of *Gardner v. Head,* 108 Ala. 619, we had occasion to consider these sections. Tenants in common who are such by reason of the facts and conditions provided in these sections, are empowered by statute to sue their cotenants and enforce their respective rights and claims, upon the same grounds and in like manner as landlords against their tenants. It may be that under our liberal system of amendments, the plaintiff might amend the attachment proceedings and complaint. We do not decide this question. Section 2703 of the Code of 1896 (3056 of the Code of 1886) gives the landlord a prior lien for advances made "by another at his instance or request, for which he becomes legally bound or liable, etc." We do not find this provision extended to the employer or to a tenant in common. This is matter for the legislative department and not the courts.

The bill of exceptions does not purport to set out all the evidence, and we will not undertake to discuss other assignments of error, further than to say, that if the facts set up in the sixth plea had been proven, the relation of landlord and tenant would not have existed, as asserted in the first charge given to the jury.

We agree with the court that advances by a landlord to a tenant, for which the law gives a lien, are not confined to those made after the beginning of the crop. The tenant and his family are entitled to sustenance and assistance while waiting for the proper time and suitable season to begin preparation and cultivation.

Reversed and remanded.