# Gill *v.* The State.

*Indictment for Violating Written Contract.*

124  73
132  569

1. *In an indictment for violating written contract in obtaining money; failure to pay for it need not be charged.*—In an indictment preferred for violating written contract, under section 4730 of the Code, which charges that the defendant obtain four dollars in money in violation of the statute, it is not necessary to aver a failure to pay for such property. The averment that he failed to refund the same was sufficient. The averment that he failed to pay, for such property is only applicable where the personal property obtained is other than money.

2. *Contracts that are within section 4730 of the Code.*—It is manifest from the language employed in the statute, Code, § 4730, that the relation between the parties to the written contract must be that of employer and employé; and it is also clear that the act or service to be performed by the employé must be an act or service for the benefit of the employer exclusively as between the employer and employé. If the act or service to be performed is for the joint benefit of both parties to the contract, that is, if the fruits arising from the performance of such act or service are to be shared in jointly by both parties, and being the only way of compensation by the so-called employer to the employé, such a contract is not within the contemplation of the statute. The fact that the statute, Code, § 2712, defines such a contract as one of hire, does not

change its character as a joint undertaking and for the bene-
fit of both parties in the profits arising from a performance
of such contract.

APPEAL from Lowndes county court.
Tried before Hon. J. C. WOOD.
The facts are sufficiently stated in the opinion.

CHAS. A. WHITTEN and EVANS HINSON, for appellant,
cited *Joyner v. State*, 78 Ala. 448; *Reeves v. State*, 96
Ala. 33; *Collins v. State*, 88 Ala. 212; *Copeland v. State*,
97 Ala. 30.

CHAS. G. BROWN, Attorney-General, for the State,
cited to show that the demurrer was bad, *Copeland v.
State*, 97 Ala. 31; *Tennyson v. State*, 78.

DOWDELL, J.—The defendant was indicted at the
Fall term, 1899, of the circuit court of Lowndes county
for a violation of section 4730 of the Code of 1896. Un-
der the provisions of an act approved Feb. 8th, 1899,
(Local Acts 1898-9, p. 731) the indictment was returned
to the county court of Lowndes where the defendant was
tried and convicted. From the judgment on conviction
the defendant prosecutes his appeal to this court.

Section 4730 of the Code provides that "Any person,
who, with intent to injure or defraud his employer, en-
ters into a contract in writing for the performance of
any act or service, and thereby obtains money or other
personal property from such employer, and, with like
intent, and without refunding such money, or paying for
such property, refuses to perform such act' or service,
must, on conviction, be punished as if he had stolen it."

The indictment was demurred to, on the ground that
it did not aver or charge that the defendant failed to pay
for such property The charge in the indictment being
that the defendant obtained four dollars in money, the
averment that he failed to refund the same was suffi-
cient, without charging a failure to pay for it. This
latter averment is only applicable where the personal
property obtained is other than money. There was no
error in overruling the demurrer.

It is manifest from the language employed in the statute that the relation between the parties to the written contract must be that of employer and employé. And we think it also clear that the act or service to be performed by the employé must be an act or service for the benefit of the employer exclusively, as between the employer and employé. If th act or service to be performed is for the joint benefit of both parties to the contract, that is, if the fruits arising from the performance of such act or service are to be shared in jointly by both parties, and being the only way of compensation by the so-called employer to the employé, such a contract is not within the contemplation of the statute. The contract in this case, under which the defendant was prosecuted, was nothing more nor less than a joint undertaking between the defendant and the prosecutor C. H. Whitten to make a crop. The land-owner was to furnish the land, stock, implements etc. and the defendant to perform the service or labor, and do certain other things in connection therewith, and each to receive a certain portion of the crops as grown. It is plain that the service contemplated by such a contract was as much for the benefit of the employé as for the employer. It is not an act or service for the benefit of the employer exclusively. While the statute, section 2712 of the Code of 1896, defines such a contract to be a contract of hire, the statute gives the laborer a lien upon the crop so produced by his labor for the value of the portion of the crop to which he is entitled. But for the provision of the above statute defining the contract to be one of hire, the legal title to the crops so produced would vest in the parties to the contract as tenants in common. The fact that the statute defines such a contract to be one of hire, does not change its character as a joint undertaking and for the joint benefit of both parties in the profits arising from a performance of such contract. On this evidence the court erred in its refusal to give the affirmative charge requested by the defendant.

As the defendant cannot be punished under the contract offered in evidence, the judgment of the county court must be reversed, and an order will be here made discharging the defendant.