# Jordan v. Lindsay.

*Action of Trover.*

[Decided Feb. 13, 1902.]

1. *Trial without jury; review; Acts* 1894-95, *p.* 586.—Under the act "To regulate the practice and proceedings in civil cases in the circuit courts of Morgan and Madison counties," approved February 18th, 1895, (Acts, 1894-95, page 586), the Supreme Court will review the finding and conclusion of the circuit judge, trying a case without a jury, on the evidence, though there was no special finding of the facts.

[Jordan v. Lindsay.]

2. *Employer and employe, when relation exists; landlord and tenant; tenants in common; title to crops.*—Where the owner of land furnishes the land and a team to make a crop, and another person furnishes the labor, the crop to be equally divided, a contract of hire exists between them, the relation being that of employer and employe and not of landlord and tenant, or of tenants in common, and the title to the crop grown is in the owner of the land only, the laborer having a lien on it for tne value of the portion of it to which he is entitled.

3. *Trover; title to maintain; liens.*—A lien upon property, or a mere right to charge it under a statutory lien, will not support trover; the plaintiff must have title, general or special, to the property. (Overruling *Gardner v. Head*, 108 Ala. 619; *Ragsdale v. Kinney*, 119 Ala. 454.)

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action of trover by Lindsay against Jordan for the conversion of one hundred and ninety-five bushels of corn. From a judgment for plaintiff defendant appeals.

J. C. KING and S. S. PLEASANTS, for appellant, cited 26 Am. & Eng. Ency. Law (1st ed.), 744; *Street v. Nelson*, 80 Ala. 230; *Tweats v. Stamps*, 67 Ala. 96; *McCall v. State*, 69 Ala. 227; *Gardner v. Head*, 108 Ala. 619; *Sullivan v. Lawler*, 72 Ala. 76; *Abercrombie v. Baldwin* 15 Ala. 363; *Holcombe v. State*, 69 Ala. 218; *Collier v. Falk*, 69 Ala. 58.

D. A. GRAYSON, *contra.*—(1.) There being no special finding on the facts, the conclusion of the circuit judge is equivalent to a verdict of a jury and cannot be reviewed on appeal.—*Gill v. Daily*, 105 Ala. 323. (2.) Lindsay had sufficient title to maintain the action. *Shahan v. Hershberg*, 73 Ala. 59; *Marlowe v. Rodegar*, 102 Ala. 510; *Adams v. State*, 87 Ala. 89; *Gardner v. Head*, 108 Ala. 619.

McCLELLAN, C. J.—We are authorized and required by section 5 of the act of February 18, 1895, to review

the finding and conclusion of the circuit judge, trying this case without a jury, on the evidence though there was no special finding of the facts by the judge.—Acts 1894-5, pp. 586-8.

This is an action of trover prosecuted by Lindsay against Jordan. By the terms of the agreement between Jordan, the owner of the land, and Lindsay, who undertook to cultivate it,—Jordan furnishing the land and the team and Lindsay the labor, the crop to be equally divided,—a contract of hire existed between them, and not the relation of landlord and tenant *or of tenants in common* in the crop. Out of this relation of employer and employe no *title* in the latter to the crop or any part of it could be evolved; but Lindsay had a *lien* merely on the crop for the value of the portion of it to which he was entitled, the title to the crop being in Jordan.—Code, § 2712. Conceding that the arrangement between Lindsay and Hammond, whereby the latter united his labor with Lindsay's in making the crop and was to receive onehalf of the one-half to which Lindsay was entitled as against Jordan, put Hammond on the same footing as Lindsay—and it surely could not do more—Hammond himself could not maintain this action for the alleged conversion of the one-fourth part of the crop coming to him because he had no title to it but only a lien upon it. A lien upon property alleged to have been converted will not support trover. The plaintiff must have title general or special to the property. A mere right to charge it under a statutory lien will not suffice. As Hammond could not have maintained this suit, of course Lindsay as the assignee, assuming that he was the assignee of Hammond, could not maintain it.—*Gill v. State,* 124 Ala. 73. The cases of *Gardner v. Head,* 108 Ala. 619, and *Ragsdale v. Kinney,* 119 Ala. 454, in so far as they bear upon this subject are unsound and not to be followed. The court, therefore, erred in rendering judgment for the plaintiff. It will be reversed and a judgment will be here entered for the defendant.

Reversed and rendered.