[Farrow v. Wooley & Jordan.]

# Farrow *v.* Wooley & Jordan.

## *Action of Trover.*

1. *Contract for use of land; when relation of employer and employee established.*—Where the owner of land furnishes the land and teams to make a crop and another person furnishes the labor, under an agreement that the crop to be raised on said land is to be equally divided between them, there is established a contract of hire and there exists between the parties the relation of employer and employee, and not of landlord and tenant or tenants in common, and the title to the crop grown is in the owner of the land, the laborer having a lien on the crop for the value of the portion of it to which he is entitled.—(*Collier v. Faulk*, 69 Ala. 58; *Adams v. State,* 87 Ala. 89, and other cases announcing a contrary principle, overruled).

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.
This action, which was originally commenced in a justice of the peace court, was brought by the appellees, Earnest W. and John E. Jordan, doing business under the firm name of Wooley & Jordan, against the appellant, Thomas L. Farrow. From a judgment in favor of the plaintiffs in the justice of the peace court, the defendant appealed to the circuit court. Both in the justice court and in the circuit court the complaint contained two counts; the first count being in trover for the conversion of two bales of cotton, and the second count being in trespass for the wrongful taking of said two bales of cotton. In the circuit court the defendant pleaded the general issue.
On the trial of the case, it was shown that the cotton involved in the suit was grown by one Pratt upon land owned by one Tillman in the year 1898. This cotton was grown by Pratt under an agreement with said Tillman, by which said Tillman furnished land and stock and Pratt furnished the labor, and the crop was to be equally divided between them. The two bales of cotton in-

volved in the present suit were part of the crop raised by Pratt under this agreement.

In February, 1898, Pratt executed a mortgage to the plaintiffs on his entire crop to be grown during that year. The two bales of cotton involved in the suit were delivered by Pratt to the plaintiffs to be applied upon the payment of said mortgage. Subsequently to such delivery of the cotton, Tillman took the cotton from the plaintiffs' premises and conveyed it to the defendant, who retained it with full knowledge of all the circumstances and refused on demand to let the plaintiffs have the cotton. The defendant gave Tillman credit for the cotton upon his account with them.

Upon the introduction of all the evidence the court, at the request of the plaintiffs, gave to the jury the general affirmative charge in their behalf. To the giving of this charge the defendant duly excepted. There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error among other ruling of the trial court, the giving of the general affirmative charge requested by the plaintiffs.

O. D. STREET, for appellant, cited *Jordan v. Lindsey,* 132 Ala. 567; *Ragsdale v. Kinney,* 119 Ala. 454; *Gardner v. Head,* 108 Ala. 679.

WILLIAM L. MARTIN, *contra.*—Tillman furnishing the land and Pratt furnishing the team and labor, the relation of landlord and tenant existed between them; and the portion of the crop to which the landlord was entitled "shall be held and treated as the rent of the land." Code of 1896, § 2711.

The property therefore belonged to the tenant, as between them, and the landlord has a lien on it for the payment of the rent.—*Kilpatrick v. Harper,* 119 Ala. 452.

The defendant seeks to defend solely upon Tillman's supposed right to the cotton. If he had any interest in the cotton it was that of a landlord—a lien enforceable only by attachment. It can furnish no defense to this action.—*Folmar v. Capeland,* 57 Ala. 588; *East v. Pace,* 57 Ala. 521; *Dean v. Elyton Land Co.,* 113 Ala. 276, 278.

[Norwood v. Tyson *et al.*]

DOWDELL, J.—The undisputed evidence in this case showed that no force or violence was used in taking the cotton, and that the legal title to the cotton was in Tillman, from whom the defendant purchased it. The defendant was entitled to the affirmative charge as requested, and the court erred in its refusal.—*Jordan v. Lindsay,* 132 Ala. 567, 31 So. Rep. 484; Code, 1896, § 2712.

The case of *Collier v. Faulk,* 69 Ala. 58, and *Adams v. State,* 87 Ala. 89, and the other cases following the *Collier v. Faulk* decision, in addition to those mentioned in *Jordan v. Lindsay, supra,* must be overruled.

Reversed and remanded.