# Arrington v. The State.

## Trespass After Warning.

(Decided June 1, 1910.   52 South. 928.)

1. *Landlord and Tenant; Contract; Cropping.*—Under a contract by which one party furnishes the land and team and the other party the labor with an agreement to divide the crop share and share alike the relation of master and servant and not landlord and tenant is created under the provisions of section 4743; Code 1907.

2. *Trespass; Warning; Authority to Give.*—Where an employee of the landlord was only a rider on the plantation to see that the hands worked and there was no proof that he was the landlord's general agent, he had not sufficient control or management of the land to give warning to an alleged trespasser so as to establish the offense of trespass after warning.

3. *Same; Evidence.*—Where the prosecution was for trespass after warning, it was admissible to show that the defendant asserted a claim to the land while in conversation with one in possession of it, and said that he was going to get the land back.

4. *Same.*—As showing that the defendant was on the land after the warning, it was admissible to show that his gear and plow were seen on the land after the warning.

5. *Same; Hearsay.*—Evidence as to what the owner's overseer told a witness about warning the defendant to stay off the land, was hearsay and inadmissible.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant did not attempt to justify his trespass but denied going on the land after being warned, he was not prejudiced by the exclusion of evidence as to the custom of the land owner to let his tenants work their land during succeeding years.

7. *Trial; Reception of Evidence; Motion to Strike.*—Where a part of the evidence is admissible motion to strike it all is properly denied.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Fib Arrington was convicted of trespass after warning, and he appeals.   Reversed and remanded.

The evidence for the state tended to show that one C. E. Johns was a rider or overseer, whose duty it was to superintend the work of the laborers and renters on

[Arrington v. The State.]

the plantation of W. B. Bell, and that he rented the premises in question from the agent of Mr. Arrington, signing the rent notes in his own name, and saying nothing about Mr. Bell at the time of the renting. Mr. Bell then rented the same premises to Sid Palmer, Sr., and put him in possession of the land under a contract whereby Bell furnished the land and the team and Palmer the labor, with an agreement to divide the crops equally. It seems that the only warning shown to have been given the defendant to stay off the land was given by C. E. Johns. The other facts sufficiently appear in the opinion.

ARRINGTON & HOUGHTON, for appellant. So far as the crop was concerned, their relation was that of hire. —Sec. 4743, Code 1907; *Farrow v. Wooley*, 138 Ala. 267; *Jordan v. Lindsey*, 132 Ala. 567. As to the land, the relation was that of landlord and tenant.—*Collier v. Faulk*, 69 Ala. 68 *Holcomb v. The State*, 69 Ala. 218; *Adams v. The State*, 87 Ala. 89; *Swaner v. Swaner*, 50 Ala. 66; *Smythe v. Tankersly*, 20 Ala. 212; 24 Cyc. 1470. The indictment laid the premises in the landlord when it should have been in the tenant.—*Sewell v. The State*, 82 Ala. 57. The person giving the warning was not shown to have the power to do so.—*Templin v. The State*, 48 So. 1028. Charges 4 and 4½ should have been given.—*Bronson v. The State*, 140 Ala. 201. Charge 10 should have been given.—Authorities supra.

ALEXANDER M. GARBER, Attorney General, for the State. The indictment properly laid the possession in Bell.—*Sewell v. The State*, 82 Ala. 82. Trespass against the possession of a servant is trespass against the master.—*Maddox v. The State*, 122 Ala. 10. It sufficiently appeared that the defendant had actual no-

tice.—*Owens v. The State,* 74 Ala. 401.   The evidence
as to seeing the defendant on the land was admissible.
*Graham v. The State,* 153 Ala. 38; *Stobar v. The State,*
116 Ala. 459; *Green v. The State,* 96 Ala. 29.   Counsel
discusses charges refused, but without citation of au-
thority.

ANDERSON, J.—The proof shows that Bell furn-
ished the land and team and Palmer cultivated the
land on shares.   This created the relation of employer
and employee, and not of landlord and tenant or as ten-
ants in common.   Section 4743 of the Code of 1907; *Jor-
dan v. Lindsay,* 132 Ala. 567, 31 South. 484; *Maddox v.
State,* 122 Ala. 110, 26 South. 305.   The premises were
properly set out in Bell.

The proof did not show that Johns was a general
agent, and it was incumbent upon the state to show
that he had authority to warn trespassers to keep off
the land.   Nor do we think that authority to do this
could be inferred from the fact that Johns was "just
a rider and saw that the negroes worked."   There was
no proof that he had the control and management of
the land.   The defendant was therefore entitled to the
general charge upon this theory.   Assuming, however,
that authority can be shown, we will discuss so much
of the rulings upon the evidence as may operate as a
guide upon the next trial.

The fact that the defendant asserted a claim to the
land in the conversation with Palmer, and said he was
going to get the land back, was a circumstance for the
jury to determine whether or not he went upon the
land after warning.   It is true, there were things said
in the conversation, which were not relevant or mate-
rial, and which were calculated to prejudice the defend-
ant with the jury; but the motion to exclude went to

the whole conversation and did not separate the bad from the good, and the trial court will not be put in error for refusing to sustain said motion to exclude. It is true, when a part of a conversation is proved, the party against whom it is used would be entitled to bring out the entire conversation; but, when the state proves the acts or declarations of a defendant, it should be confined to those that are relevant and material only.

The fact that defendant's gear and plow were seen on the land after the warning was a circumstance tending to show that he was on the land after warning. If they were there before the warning, this fact should have been brought out on cross-examination.

The custom of Mr. Arrington as to letting tenants work their land succeeding years, etc., could have been only material in case the defendant attempted to show a lawful excuse for going on the land after warning; but the defendant did not attempt to justify, but denied going on the land after the warning, and the exclusion of the evidence as to custom was of no detriment to him.

The trial court erred in letting the witness Palmer, Jr., testify what and when Mr. Johns told him about warning the defendant. It was hearsay and not admissible. He could state when he saw the defendant on the land, and Johns could testify when he gave him the warning; but the witness not having heard Johns give the warning and not knowing that it was given, or when given, except from what Johns told him, it was error to let him fix the time he saw the defendant on the land as being subsequent to the time Mr. Johns told him he had warned the defendant. It is true the trial court limited this evidence; but the limitation did not eradicate the hearsay evidence. The witness could only

fix the time he saw the defendant on the land as being subsequent to the warning by stating that Johns had told him he warned him. This was hearsay evidence pure and simple.—1 Mayfield's Digest, p. 318.

For the errors pointed out the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.