(75 South. 323)

## LAUDERDALE v. FLIPPO & SON.
### (6 Div. 522.)

(Supreme Court of Alabama. April 26, 1917.)

1. LANDLORD AND TENANT &wkey;326(3) — JOINT CONTRACT TO WORK LAND—CROPS—"TENANCY IN COMMON."

A contract providing that L. was to furnish the land and team and T. the labor, that guano furnished was to be paid for in equal proportions, and that crops should be divided equally, created the relationship of tenants in common of the crop.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1369.

For other definitions, see Words and Phrases, First and Second Series, Tenant in Common.]

2. CHATTEL MORTGAGES &wkey;138(1)—PRIORITIES —TENANT IN COMMON—MORTGAGE ON CROP.

The lien given one tenant, farming on shares, on the crop of his cotenant by Code 1907, for supplies furnished in making the crop, is superior to that of a mortgage of cotenant given for the same purpose.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228, 229, 231–236.]

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Suit by Flippo & Son against J. R. Lauderdale. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and rendered.

Suit by appellee against appellant to recover damages for the conversion of two bales of cotton, raised by one S. P. Tidwell during the year 1914, on which plaintiff had two mortgages, executed February 2, 1914, and

February 11, 1914, respectively, and recorded February 4, 1914, and February 19, 1914, respectively.

The cause was tried upon an agreed statement of facts in substance as follows: Tidwell in the year 1914 made a contract with Lauderdale whereby the latter was to furnish the land and the team, and Tidwell the labor to cultivate a crop for that year, and the guano to be furnished was to be paid for by each in equal proportions, and the crop to be divided equally between them.

Lauderdale furnished supplies to Tidwell in pursuance of his agreement made at the time of the contract for the purpose of making the crop, and he received from Tidwell the latter's half of the crop in payment for the supplies so furnished; the total amount of said supplies furnished by Lauderdale exceeding the value of Tidwell's half of the crop. After the trade was made between Lauderdale and Tidwell the latter made a contract with Flippo & Son, the appellee, to furnish him during the year 1914, and executed two mortgages to appellee, which have been noted above. These mortgages conveyed all the crops which the mortgagor might raise or caused to be raised during the year 1914 in Marion county, and under these mortgages the appellee furnished Tidwell to the amount of $94.35. Lauderdale furnished the supplies to Tidwell both before and after the execution of these mortgages, but the amount furnished prior to their execution did not exceed the sum of $7.50. Upon these facts the court gave at the request of the plaintiff the general affirmative charge in his favor, and denied a like request on the part of defendant.

R. L. Blanton, of Haleyville, for appellant. W. L. Chenault, of Russellville, for appellee.

GARDNER, J. [1] The contract between the parties created the relationship of tenant in common of the crop. Williams v. Lay, 184 Ala. 54, 63 South. 466; Johnson v. McFry, 68 South. 716, 14 Ala. App. 170.

[2] Subsequent to entering into the contract Tidwell executed two mortgages to the appellee. Lauderdale furnished Tidwell supplies to make a crop pursuant to the agreement of the parties entered into at the time the relationship was created. Appellee also advanced to Tidwell under the mortgages. The question presented on this appeal is whether or not Lauderdale's lien given him under section 4792 of the Code of 1907 is superior to that of the mortgagee.

This statute found its origin in the act of March 7, 1876 (Acts of Alabama 1875–76, p. 172). As then enacted, no provision was made for the enforcement of such lien by any statutory process. The next Legislature dealt rather comprehensively with the subject of landlord and tenant, and contracts in regard to the cultivation of land, and the liens

given to the respective parties for their mutual protection, as now found in substance in article 2, c. 106, Code 1907. See Acts 1876–77, p. 74.

This act was carried in the Code of 1876, and formed chapter 9, tit. 2, pt. 3 thereof. The act of March 7, 1876 (§ 4792, Code 1907), immediately followed in the Code of 1876, and formed chapter 10 thereof. On January 31, 1877, an act was passed providing for the enforcement of the lien given under the act of March 7, 1876, by process of attachment upon the same grounds, and in the manner provided for the enforcement of the landlord's lien for rent. Acts 1876–77, p. 112, which now forms section 4793 of the present Code.

It is thus seen that this statute was in the Code of 1876, in close proximity to the statute in regard to the landlord's lien for rent, but in the codification of subsequent Codes, in the alphabetical arrangement thereof, the statute here under review was presented under the title "Liens," while that in regard to the landlord's lien was under the title of "Landlord and Tenant." It is quite clear, therefore, that the displacement of this statute (if such it can be called) was merely a matter of convenience, to which we cannot attach the importance insisted upon by counsel for appellee.

As said by this court in Collier & Son v. Faulk, 69 Ala. 58, the purpose of the statutes of this character was to protect the rights of both parties, and to furnish each an efficient remedy against the frauds or unfair dealings of the other.

In Gardner v. Head, 108 Ala. 619, 18 South. 551, it was said that by no contract by one of the parties with which the other was not connected could the statutory security be misplaced, diminished, or annulled, and that those who contracted with either of the parties do so cum onere. We are aware, of course, that these two authorities have been overruled (Farrow v. Wooley & Jordan, 138 Ala. 267, 36 South. 384; Jordan v. Lindsay, 132 Ala. 567, 31 South. 484), but the expressions here alluded to were not there involved. We do not cite these cases as authorities, but merely as indicating the trend of the judicial mind as to the construction of this statute. For like purpose we cite the recent case of Johnson v. McFry, supra, wherein the following dictum was used:

"Clearly, therefore, we think McFry had a lien on Brown's portion of the crop for one-half of the cost of the guano furnished by McFry in the making of the crop, which lien is perhaps superior to plaintiff's mortgage, though this question is not before us."

It is clear the lien of the landlord is paramount, and would dominate all claims any mortgagee may set up. Leslie v. Hinson, 83 Ala. 266, 3 South. 443; Seisel & Co. v. Folmar & Son, 103 Ala. 491, 15 South. 850. It is also clear that under a contract where one party furnishes the land, and the other the labor and team to cultivate it, with agreement to divide the crop between them in certain proportions, then under the provisions of section 4742, Code 1907, such lien would likewise be paramount. Amos v. Garvin, 39 South. 990. And, the following section providing that under certain stipulations the contract of hire shall be held to exist, and the laborer given a lien, such lien also is held to be paramount to the claim of the mortgagee. Amos v. Garvin, supra; Courtney v. State, 10 Ala. App. 141, 65 South. 433.

True, these sections provide that such liens shall have the same force and effect as that given the landlord, and that section 4792, Code 1907, does not use that language. This latter section, however, was enacted prior to the act which embraced in one enactment the subject of the landlord's lien, as well as also the substance of what are now sections 4742, 4743, Code 1907, but, at the same session of the Legislature what is now section 4793 of the present Code was enacted, giving to such tenant in common the right to enforce the lien upon the same grounds and in the same manner provided for the enforcement of the landlord's lien. There can exist no sound reason and none has here been suggested why a greater protection should be accorded the liens given under sections 4742, 4743, of the Code of 1907 than should be accorded the lien given under section 4792 of the Code of 1907, when the only difference between them is a very slight change in the mere detail of the contract.

We are persuaded, therefore, considering the language of section 4793, Code 1907, in connection with the preceding section which is here under review, and in consideration of the history of these statutes relating to the cultivation of lands under varying contracts, and the purpose of the enactment, that it was the legislative intent that the lien given under section 4792 of the Code should be of equal dignity with that of the landlord, and with those provided for in sections 4742, 4743, of the Code of 1907. From this construction of the statute it therefore results that the lien of Lauderdale under the agreed statement of facts was superior to that of the mortgage of Tidwell, and that there was error in giving the affirmative charge for the plaintiff.

The judgment is therefore reversed. The cause having been tried upon an agreed statement of facts, judgment will be here rendered for defendant.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.