(96 South. 205)

**BEVERLY et al. v. RHODES.** (3 Div. 608.)

(Supreme Court of Alabama. April 26, 1923.)

1. **Landlord and tenant** ☞331(1)—**Employees of landowner to make crop have no title therein and cannot bring trover or detinue.**

A landowner's employees, who made a crop of cotton, had no such title in the cotton as would support an action of trover or detinue against him, their relation to the cotton being that of lienors only, as provided by Code 1907, § 4743.

2. **Landlord and tenant** ☞331(2)—**Agreement of owner of cotton with employees not to sell does not give employees sufficient title to maintain trover or detinue for crop.**

The agreement of a landowner with employees, who made a crop of cotton on his land, to hold the cotton until a certain date did not operate to give the employees title on which to base an action of trover or detinue against him, or to change their relation as holders of a lien on the cotton to the extent of the landowner's liability of a debt to them.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action in trover and detinue by Grover C. Beverly and J. H. Beverly against R. B. Rhodes. Judgment for defendant, and plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Brassell, Brassell & Brassell, of Montgomery, for appellants.

A sale by one tenant in common of the entire property in a chattel, without the consent of his cotenant, is a conversion, for which trover will lie. Smyth v. Tankersley, 20 Ala. 219, 56 Am. Dec. 193; Calhoun v. Thompson, 56 Ala. 166, 28 Am. Rep. 754.

Powell & Hamilton, of Greenville, for appellee.

The statutory lien of the hireling will not support trover or detinue. Code 1907, § 4743; Jordan v. Lindsay, 132 Ala. 567, 31 South. 484; Farrow v. Wooley et al., 149 Ala. 377, 43 South. 144; Willard v. Cox, 9 Ala. App. 439, 63 South. 781; Carleton v. Kimbrough, 150 Ala. 618, 43 South. 817.

McCLELLAN, J. [1, 2] After amendment, the complaint contained a count in trover and a count in detinue for cotton. According deserved effect to the provisions of Code, § 4743, the evidence disclosed without dispute that the relation between the Beverlys (plaintiffs) and Rhodes (defendant) was that of employees to Rhodes as employer of the Beverlys, in the making of this cotton on Rhodes' land. Crow v. Beck, 208 Ala. 444, 94 South. 580, 582, 583. The necessary consequence was that the plaintiffs had no such title, general or special, in the cotton, as would support an action of trover or detinue. Jordan v. Lindsay, 132 Ala. 567, 31 South. 484; Crow v. Beck, 208 Ala. 444, 94 South. 580, and other decisions therein cited. The relation of the plaintiffs to this cotton was that of lienors only; and a mere lienholder has no such title as will support trover or detinue against the holder of the legal title. Crow v. Beck, supra, and other decisions noted in that opinion. If, in fact, Rhodes agreed with these plaintiffs to hold, not then sell, this cotton—delivered to him by plaintiffs (his employees) either before or after January first succeeding the crop year during which they were so employed by Rhodes—that circumstance could not operate to invest plaintiffs with any character of title to the cotton, or to alter their relation as the holders of a lien upon the cotton to the extent (only) of Rhodes' liability, for debt, to them. Crow v. Beck, supra.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.