(103 So. 44)

### STEWART v. YOUNG.    (3 Div. 616.)

(Supreme Court of Alabama.    Jan. 22, 1925.)

**1. Landlord and tenant ☞326(3)—Persons farming on shares "tenants in common," in absence of statute.**

Persons farming on shares are "tenants in common" of crops, in absence of statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tenant in Common.]

**2. Landlord and tenant ☞326(1)—Tenant under share-cropping contract has title and right of possession.**

A landlord's lien under a share-cropping contract does not include right of possession against tenant, but tenant has title and right of possession, and can maintain detinue, against landlord.

**3. Landlord and tenant ☞331(7)—In case of contract of hire between share croppers laborer may attach crops, if landlord attempts to remove them without paying share due as wages.**

Under Code 1907, §§ 4742, 4743, and Code 1923, § 8272 (correct number 8872), where contract of hire exists between share croppers, laborer is given right to attach crops, if landlord attempts to remove them or otherwise dispose of them without paying laborer's share due as wages.

**4. Landlord and tenant ☞326(1)—Tenant under share-cropping contract entitled to possession to exclusion of landlord, while laborer in contract of hire entitled only to lien for wages due.**

The relation of tenant to crop under share-cropping contract is wholly different from a laborer under contract of hire, the tenant being entitled to possession to exclusion of landlord and possession of crops subject to landlord's lien, while laborer has no exclusive possession, but has lien similar to that of landlord, carrying no right of possession unless held as wages due.

**5. Landlord and tenant ☞331(7)—Crops taken by laborer under contract of hire held subject to attachment by landowner.**

Where plaintiff furnished land and teams, and defendant the labor, and each one-half of fertilizer, a contract of hire existed, and defendant, as laborer, had no exclusive right of possession to crops, and, where he removed them without plaintiff's consent and without right thereto as wages due him in kind, plaintiff could attach such crops.

Appeal from Circuit Court, Autauga County; W. M. Lackey, Judge.

Action in detinue by J. W. Young against Walter Stewart. Judgment for plaintiff, and defendant appeals. Affirmed.

F. E. Alexander and Guy Rice, both of Prattville, for appellant.

The relation of the parties was that of employer and employe, and the laborer had a lien on the crops to the value of his labor. Code 1907, § 4743. Appellant was entitled to retain possession of the cotton until his lien was satisfied. Beck v. Crow, 204 Ala. 295, 85 So. 489.

Gipson & Booth, of Prattville, for appellee.

Appellant was not justified in withholding the property in disregard of appellee's right. Tucker v. Speer, 202 Ala. 604, 81 So. 546; Crow v. Beck, 208 Ala. 444, 94 So. 580; Beverly v. Rhodes, 209 Ala. 300, 96 So. 205; 18 C. J. 997, 1003.

BOULDIN, J. Suit in detinue to recover cotton and corn made under a share-cropping contract. The plaintiff furnished the land and teams, the defendant the labor, and each one-half the fertilizer, the crops to be shared equally. This arrangement continued four years, during which mutual accounts were running for supplies or advances by the landowner and for work and labor done by the laborer.

At the termination of relations in 1922 a controversy arose as to the state of accounts. Failing to reach a settlement, the defendant removed seven bales of cotton from the premises, and stored it in a warehouse, taking receipts therefor. The suit is to recover this cotton and receipts and some corn de-

tained by defendant. Common counts were added and the state of accounts litigated, resulting in a verdict for plaintiff for a balance due, and also for the property sued for.

The trial court took the view that the legal title to the crops, with the right of possession, was in the landlord, unless' it appeared the defendant was entitled thereto as the balance of wages due him in kind. The effect of the holding was to treat the balance due plaintiff on account for supplies as a payment, in whole or in part, of the wages due for labor in the crops.

[1] Appellant concedes that under our statutes a contract of hire obtained, but takes the view that he had a right to the possession of the crops for the protection of his lien thereon, until a settlement was obtained, and was entitled to the affirmative charge on the evidence. In the absence of statute, persons farming on shares are tenants in common of the crops.

By Act of March 7, 1876, p. 172, a lien was declared in favor of each upon the interest of the other for excess contributions made by him. This statute became section 3479 of the Code of 1876, and has continued without change to the present. Code 1923, § 8272 [1] (4792).

By Act of February 9, 1877 (Acts 1876-77, p. 74), a general statute defining the relation of landlord and tenant and fixing the rights of parties in contracts for the cultivation of lands, it was enacted that, when one party furnishes the land, and the other the labor and teams, the crop to be divided, the relation of landlord and tenant, with all its incidents, obtains; and when one party furnishes the land and teams, and the other the labor, the crop to be divided, a contract of hire shall be held to exist, and the laborer shall have a lien on the crop for his portion or value thereof.

These provisions appeared as sections 3474 and 3475, Code of 1876, and have continued without change of substance to Code of 1907, §§ 4742 and 4743. By these laws we have had in Alabama three different classes of joint cropping contracts, with' their separate legal incidents, viz.: The relation of landlord and tenant, the relation of employer and employee, and the relation of tenants in common—still subsisting when the contract includes terms or conditions not named in the other classes.

By amendment to section 4742 (Acts 1915, p. 134), and to section' 4743 (Acts 1915, p. 112), those sections were made to include contracts where the parties share in the cost of fertilizers used in the crop.

We may here note that by section 8807, Code of 1923, written by the code committee, sections 4742 and 4743, supra, are consolidated and revised, so that the contract of hire under section 4743 no longer obtains,

all such contracts being converted into the. relation of landlord and tenant, and the same relation extended to cases not theretofore within either section.

We observe the present revised section does not extend to cases where joint labor is contributed. So the tenant in common statute may still have a field of operation, but the present case does not call for a construction of the revised section.

In dealing with the right of possession to the crops grown on shares under our several statutes, this court has met with difficult problems. In Collier v. Faulk, 69 Ala. 58, an action of trover and case, it was held by a divided court that the statutes defining the relations of share croppers did not abolish the tenancy in common theretofore obtaining, but were for the protection of the landlord or laborer in furnishing each an efficient remedy against the frauds or unfair dealing of the other. This ruling was followed in Adams v. State, 87 Ala. 89, 6 So. 270; Gardner v. Head, 108 Ala. 619, 18 So. 551; and Ragsdale v. Kinney, 119 Ala. 454, 24 So. 443.

In Jordan v. Lindsay, 132 Ala. 567, 31 So. 484, followed by Farrow v. Wooley, 138 Ala. 267, 36 So. 384, the above cases were overruled, and it was declared that, when one furnished the land and teams and the other the labor, "a contract of hire existed between them, and not the relation of landlord and tenant or of tenants in common in the crop. Out of this relation of employer and employee no title in the latter to the crop or any portion of it could be evolved"; that he had a lien or right to charge the crop with the value of his portion, which would not support trover. '

This rule has since obtained. Arrington v. State, 168 Ala. 143, 52 So. 928; Foust v. Bains Bros., 167 Ala. 115, 52 So. 743; Tucker v. Speer, 202 Ala. 604, 81 So. 546; Crow v. Beck, 208 Ala. 444, 94 So. 580; Beverly. v. Rhodes, 209 Ala. 300, 96 So. 205.

Appellant relies upon the authority of Beck v. Crow, 204 Ala. 295, 85 So. 489. This; like the present case, was an action of detinue, by the employer against the employee. It was held that the contract of hire, vesting in the laborer a lien upon the crop produced by his labor, involved the right to retain possession until his lien was satisfied. It also supports the view that his right of possession is not lost by a bona fide failure to come to agreement as to the extent of his claim.

On the second appeal, Crow v. Beck, 208 Ala. 444, 94 So. 580, it was pointed out in the majority opinion that the evidence warranted an inference that the tenant was not only holding the possession to protect his statutory lien, but also to exact payment of an outside demand. The opinion proceeds, however, to emphasize the fact that the employer has title to the crops; that a lien-

---

[1] (Correct number 8872.)

holder who cannot maintain detinue should not defend detinue against him who holds the title with the right of possession incident thereto. In spirit it is opposed to the doctrine stated in the former opinion, and overrules it in so far as opposed to the former case of Tucker v. Speer, 202 Ala. 604, 81 So. 546. The dissenting opinion expresses the view that the latter opinion in effect overrules the former. We may add that the statute expressly declares the laborer's lien "shall have the same force and effect, and shall be enforced in the same manner, and under the same conditions, and in the same cases, as the landlord's lien."

[2] It has long been settled that the landlord's lien does not carry any right of possession against the tenant; that the tenant has the title, with the right of possession, and can maintain detinue against the landlord. Kilpatrick v. Harper, 119 Ala. 453, 24 So. 715.

[3] Again, reading the statutes together, the employee in the contract of hire is given a right to attach the crop, if the landowner has removed or is about to remove from the premises, or otherwise dispose of, any part of the crop, without payment of the share due the laborer as wages. This clearly implies that the landlord is to have possession or control of the crop until matters are adjusted.

[4] The relation of the tenant to the lands and to the crop while growing and being gathered is wholly different from that of an employee or hired man making a crop. The former has a leasehold estate in the lands, is entitled to possession to the exclusion of the landlord, and the possession of the crop when gathered merely remains as it is, subject to the landlord's lien for rent and advances. An employee or laborer, on the other hand, has no exclusive possession of the lands or crop thereon. His possession is that of an agent for the purposes of the enterprise. Giving his lien the same force and effect as the lien of a landlord, it must follow that it carries no right of possession until rightly received or held as the wages in kind which are due him.

[5] We think one of the purposes of these statutes is to define the ownership and right of possession of the parties under varying conditions, and thus prevent unseemly scrambles for possession as a means of bringing each other to terms. In the present case the defendant removed the cotton from the premises without plaintiff's consent. This right is not given to a tenant, nor to a landowner, under a contract for hire, until the liens thereon are satisfied. In either case removal without consent subjects the crop to attachment. There are other remedies to enforce the lien, or recover in tort for wrongful destruction thereof. The verdict of the jury established that the laborer had no right to detain the crops sued for as wages due him in kind.

We find no error in the rulings presented. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

