198 So. 131

### CULBERT v. JOHNSON et al.

#### 8 Div. 58.

Supreme Court of Alabama.

Oct. 10, 1940.

Street & Orr, of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellees.

KNIGHT, Justice.

This action was brought by the two plaintiffs, Arthur Johnson, as administrator de bonis non of the estate of M. E. Murphy, deceased, and Arthur Johnson individually, to recover an amount of money alleged to be due the two plaintiffs jointly for rent and advances owing to them by the defendant, Jack Culbert, appellant here.

The complaint consisted of a single count, in which it is averred that the rented premises "belonged to Mrs. Murphy at the time of her death; that Wincie E. Murphy, as administratrix of the estate of said M. E. Murphy, acquired possession of the lands upon the death of her intestate and while so in possession of said property, she, as such administratrix, and the said Arthur Johnson, acting for himself, and the defendant Jack Culbert, entered into a verbal agreement with respect to the cultivation of said lands during year 1936, by which it was agreed: that Wincie E. Murphy as administratrix would furnish the land and Arthur Johnson would furnish the stock, tools, feed and seed with which to make, gather and finish the crop, and the defendant was to furnish the labor, make and gather the crop. Arthur Johnson was to furnish one-fourth of the

fertilizer used under the cotton, the administratrix one-fourth and the defendant one-half and the crops were to be divided as follows: one-half of the cotton and cotton seed was to be retained by defendant, one-fourth to be paid to Johnson and one-fourth to Wincie E. Murphy as administratrix of the estate of M. E. Murphy, deceased, one-third of the crops of corn, hay and fodder were also to be paid to her, one-third to the plaintiff Johnson, and one-third to be retained by the defendant."

It is further averred in the complaint that subsequent to the making of said contract the said Wincie E. Murphy died, and that letters of administration de bonis non on the estate of said M. E. Murphy, deceased, were issued on the 11th day of March, 1936, to the said Arthur Johnson, "who is now administrator de bonis non of the estate of M. E. Murphy, deceased."

The complaint wholly fails to show that any crops of cotton, corn, hay or fodder were grown on said lands during said year.

Whatever relation between said parties the contract set out above may have created, it is certain that the relation of landlord and tenant was not created thereby between the parties. It would seem that the said parties would be joint owners or tenants in common of any crops that may have been produced on said lands during said year. Hood v. Martin, 205 Ala. 333, 87 So. 529; Ragsdale v. Kinney, 119 Ala. 454, 24 So. 443; Code, § 8872. At all events, under the terms of said contract, the said Johnson (individually) did not become the landlord of the defendant Culbert.

However, the demurrer interposed by the defendant did not properly present the above pointed out defect in the complaint.

The complaint was further defective in not averring that some crops of cotton, corn, hay or fodder were grown on said lands during said year, and the approximate amount thereof, and further that said crops had been sold or converted by defendant so as to create a moneyed demand against him. This defect was pointed out by an apt ground of demurrer, and the court committed reversible error in overruling the same.

Section 8872 of the Code gives a lien to tenants in common of crops and they may sue and enforce such lien by attachment upon the grounds and in the manner provided for the enforcement of landlord's lien on crops grown on rented lands; but such lien does not extend to advances made by another third person, at the request of a tenant in common. Ragsdale v. Kinney, supra; Code, §§ 8872, 8873.

In this cause, on the same day that the complaint was filed, the plaintiffs sued out an attachment against the "crops" of the alleged tenant, and in the affidavit for the attachment it was averred that the plaintiffs were landlords of defendant, and that a certain amount was due them by the tenant for rent and advances; and "that said rents are due and tenant has failed or refused after demand to pay the same, etc."

The defendant duly filed motion for rule nisi to plaintiffs to show cause why the attachment should not be dissolved. Among the grounds for dissolution of the attachment was: "The demand sued on is not one for the enforcement of which a landlord's attachment lies."

The court, it appears from the judgment entry, overruled the motion. There is no bill of exceptions in the record. We do not know, therefore, what evidence, if any, was submitted on the hearing of this motion. The complaint, however, shows that the plaintiffs had no landlord's lien. It may be that the plaintiffs, under our liberal system of amendment, may amend the attachment proceedings and complaint. We leave this question undecided. See Ragsdale v. Kinney, supra.

For the error in overruling the demurrer to the complaint as heretofore pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.