## JONES AND SPENCE v. KIRKSEY.

1. The borrower of money at an unlawful rate of interest is a competent witness to establish the usury when sued for its recovery, unless the opposite party will negative the truth of his testimony.
2. A bill for discovery will not be entertained in chancery after judgment at law, where the facts sought to be elicited are matter of legal defence, unless a sufficient excuse is offered for not having exhibited it.
3. Relief cannot be obtained in equity against usury, where the borrower has omitted to plead it at law, and shows no excuse for the failure.

Writ of error to the Court of Chancery sitting in Talladega.

THE plaintiffs in error alledge in their bill, that the complainant, Jones, in 1838 or 1839, borrowed of .the defendant thirteen hundred dollars, at a usurious rate of interest; that he has some four or five times, and perhaps oftener, renewed his notes for this loan, and at each successive renewal, usurious interest has been added. Previous to the last renewal, which took place on the 11th April, 1843, by making a note with Daniel Rather, as indorser for $2,040 50, Jones paid to the defendant, and his order $750. On this last note the the defendant recovered a judgment against Jones at the July term of the county court holden in 1844, for principal and interest.

At the time of the trial in that case, the complainant "Jones, knew of no one by whom he could prove the usurious consideration of the note, and he was therefore unable to present his defence at the trial at law;" but he alledges that since that time, and within a very few days he has learned that he can establish the usurious consideration by a disinterested witness. An execution having issued upon the judgment, returnable to the February term of the county court holden in 1845, was placed in the hands of the complainant Spence, as sheriff of Talladega; and at that term the defendant recovered a judgment against him for a faiture to return

the execution according to law. Jones has agreed to save Spence harmless against this judgment, and is therefore responsible for its payment, if it shall be coerced, as the defendant is endeavoring to do.

When the rule against Spence was tried, Jones was not informed that he could prove the usury as between defendant and himself, nor did he advise Spence of the consideration of the indebtedness.

The bill further alledges, that Jones proposed to the attorney of the defendant to pay the judgment in full, if he would receive the bills of the Bank of the State of Alabama, or its Branches, but this proposition was declined : *Further*, that Jones, by his agent, on the 11th April, 1845, tendered to the defendant one thousand dollars, and all costs, in satisfaction of the judgment, and offered to pay him the principal and *legal* interest thereon due ; but the defendant refused to accept either of these offers.

The complainants propose to pay into court thirteen hundred dollars, from which so much as is legally due to the defendant may be paid over to him, and the residue returned to Jones. After proposing many interrogatories, the bill prays an injunction against each of the complainants, and such other and further relief as may be proper.

The defendant answered the bill, but as the bill was dismissed for want of equity, it is unnecessary here to notice the answer.

F. W. BOWDON, for the plaintiff in error, made the following points : 1. If judgment be obtained on a usurious contract, the defendant may be relieved in equity if he knew of no one by whom he could have proved the usury on the trial at law, and cannot compel the plaintiff to answer a bill of discovery ; and it is no objection to relief in equity that the defendant is competent to prove the usury, unless contradicted by the plaintiff. [2 Story's Eq. 175, § 864 ; Blyd. on Us. 119 ; 1 Sandf. Ch. Rep. 188, 192 ; 7 Paige's Rep. 460, 598; 5 Id. 249 ; 6 Munf. Rep. 557.] 2. A discovery could not have been enforced previous to the judgment in this case, as the statute then in force subjected the usurer to a penalty. [Clay's Dig. 589, §§ 2, 3 ; Act of 1844-5, p. 28 ; Blyd. on Us.

118, 119; 2 Story's Eq. 709, 710, and note; Story's Eq. Pl. 438, § 515.] 3. The agreement between Jones and Spence that the former would save the latter harmless, entitles Spence to unite in the application to equity for relief; otherwise relief to Jones would be ineffectual, as he would be compelled to reimburse Spence. Their interest is joint, and that determines their right to join in a bill. [4 Ala. Rep. 572; 8 Id. 35; 1 Litt. Rep. 144; 2 Id. 7; 2 Hill's (N. Y.) Rep. 522; 1 Caine's Rep. 450, 460; 1 H. & Munf. Rep. 454; 5 Monr. Rep. 128; Story's Eq. Pl. 233, §§ 283, 285.]

S. F. Rice, for the defendant. Jones should have defended at law, and the bill does not alledge any reason why he did not. [Mallory v. Matlock, at this term.] Spence confessed a judgment in the proceeding against him for the failure to return the execution, and cannot be allowed to gainsay its correctness in the absence of all fraud. [7 Ala. Rep. 506,]

The defendant in execution and the sheriff cannot unite in a bill to injoin several judgments against them—there is no connection in the judgments, or privity between the parties. [1 Ala. Rep. 249.] The case cited from 1 Sandf. Ch. Rep. 187, is inapplicable to our statute, which merely declares a forfeiture of all the interest to be the consequence of *usury :* besides, the bill was there filed before judgment.

COLLIER, C. J.—By the act of 1834, it is enacted, that on all contracts on which a higher rate of interest than eight *per cent.* shall be reserved, the principal alone shall be recovered, and the same shall be void as to the interest. [Clay's Dig. 591, § 9.] The statute of 1819 makes "the borrower or party" to a usurious contract, from whom a higher rate of interest shall be taken, a good and sufficient witness: *Provided,* that if the person against whom such evidence is offered will deny upon oath the truth of what such witness offers to swear against him, then the evidence shall not be admitted. [Id. 590, § 5.] Thus we see, that the borrower of money at an unlawful rate of interest, is a competent witness to establish the usury, when sued for its recovery, unless the opposite party will negative the truth of his evidence.

In Mallory et al. v. Matlock, at this term, we held that chancery cannot entertain a bill for discovery after judgment at law, where the facts sought to be elicited are matter of legal defence; unless an excuse is offered for not having exhibited it earlier: *Further*, that relief cannot be obtained in equity against usury, where the party has omitted to plead it at law, and shows no excuse for the failure. It was decided in Perrine v. Striker, 7 Paige's Rep. 598, that a court of chancery will not entertain a bill for the discovery of the usury against the alledged usurer, who is the plaintiff at law seeking to collect a note in which illegal interest was reserved. That decision was placed upon the ground that a statute of New York gave to the defendant the benefit of such discovery, by the examination of the plaintiff at the trial, which was all that could be obtained in equity. Our act of 1819, is still more favorable to the borrower. It allows him to prove the usury by his own testimony. True his statement will be disregarded, if negatived by the person against whom it is offered, but it will still be competent for him to make out his case by the testimony of third persons.

In Morse v. Hovey and Cloyes, 1 Sandf. Eq. Rep. 187, the vice-chancellor said the statute of New York, in authorizing the examination of the plaintiff at law, did not limit the examination to that mode of proof; but express provision was made for the interposition of chancery. The act was not merely permissive, but it provided that " the court of chancery *shall* declare" usurious notes, *&c.* to be void, and decree them to be cancelled, whenever it shall appear by the defendant's admissions, or *by proof,* that the same are usurious; and dispensed with the payment or offer of the principal sum loaned, with lawful interest, as a pre-requisite to relief in such cases. There the bill was filed pending the suit at law, to obtain the testimony of certain persons *who were not examinable on the trial,* and in the meantime enjoin the proceedings; and the bill was entertained upon the ground that the defendant at law was not bound to avail himself of the testimony of the plaintiff, where there was other evidence which could be obtained through the medium of equity; and which, because of the disinterestedness of the witnesses furnished a surer test of truth.

In the case at bar, it is not alledged that the complainant Jones, omitted to defend at law upon the ground that he could not prove the usury by disinterested. proof, or that he was prevented from making his defence, because he believed that the defendant would deny the truth of the evidence he might give. Even if he entertained such an opinion, still he should have endeavored to make defence, and cannot after judgment come into chancery to have the advantage of evidence since discovered; especially when it is not shown that he made any effort to obtain it previously.

The cases from New York merely determine that a party when sued upon a usurious contract is not bound to examine the plaintiff as a witness to prove the usury; but if there are other witnesses whose testimony may be reached in equiquity, that court will entertain his defence. These cases are clearly distinguishable from the present. Here, the borrower may, under the statute, be a witness, and thus establish the usury, unless the opposite party will deny it; besides the evidence discovered since the trial was admissible at law, had the defendant there, been advised of its existence before judgment. See 5 Paige's Rep. 249; 7 Id. 598; 1 Stewt. Rep. 81; 2 Id. 42; 3 Porter's Rep. 436; 7 Id. 549; 5 Id. 547.

In every view in which the case has been presented, we think the bill is wanting in equity. The decree is therefore affirmed.