# Vandegrift & Sons *v.* Hawkins.

## *Assumpsit.*

(Decided May 13, 1909.   49 South. 754.)

*Mortgages; Share in Growing Crop.*—Where one party furnishes the land, teams and feed, and the other party furnishes the labor, with an agreement to divide the crops raised, the relation of hiring exists, and hence, the title to the crop is in the owner of the land, and a mortgage by one who furnishes the labor on his share of the crop before it is gathered conveyed no interest therein. (Section 4743, Code 1907.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

[Vandegrift & Sons v. Hawkins.]

Assumpsit by A. B. Vandergrift & Son against J. W. Hawkins. From a judgment for defendant, plaintiffs appeal. Affirmed.

The testimony tended to show that one Evans and defendant made a contract to farm on shares; Hawkins furnishing the land and team, and Evans the labor. Evans executed to the plaintiff a mortgage on his share of the crop, but before the crop was gathered Evans was arrested for some reason, and when he was released from jail he returned to the farm, but, seeing nothing in the crop for himself, abandoned it and went to work in a coal mine. Hawkins finished cultivating the crop, and had it gathered, and sold it, and this suit is to recover for the interest that the firm had in Evans' part of the crop.

JOHN D. STRANGE, and WARD & RUDOLPH, for appellant.—Whether a tenant in common or laborer, Evans had an interest in the crop grown by him.—107 Ala. 396; 107 Ala. 716. Having an interest acquired from Evans appellants had a right to establish the amount of the demand secured by the lien.—Authorities supra. The court erred in excluding plaintiff's evidence that after Evans abandoned the crop they offered to pay Hawkins what Evans owed him, and to gather the crop, and that Hawkins refused.—57 Ala. 581; 77 Ala. 283. The contract was one for joint benefit.—*Ragsdale v. Kenny*, 119 Ala. 454. Wages to be earned may be assigned.—*Harrison v. L. & N. R. R. Co.*, 120 Ala. 42.

KERR & HALEY, for appellee.—No brief came to the Reporter.

SIMPSON, J.—The suit in this case was brought by the appellants against the appellee. The basis of the suit is a mortgage made by one G. B. Evans of his sup-

posed interest in a crop of cotton, corn, etc., which had been planted (but not gathered) on the land of the defendant, under a contract by which the said Evans furnished the labor and said defendant the teams—which he was to feed—and the land, and the crop was to be equally divided.

Under section 4743 of the Code of 1907 this arrangement constituted a contract of hiring. Consequently the title to the crops was in the defendant, Hawkins, and not in Evans; and, as Evans had no property in the crop, his mortgage could not convey any interest therein.

There was no error in the exclusion of the evidence as to the plaintiff's offering to gather the crop, nor as to the amount due plaintiff by Evans; and the court properly gave the general charge in favor of the defendant.

The judgment of the court is affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.