# Foust *v.* Bains Bros.

*Trespass and Trover.*

(Decided June 16, 1910.  52 South. 743.)

*Mortgages; Chattel Mortgages; Property Subject; Share Crops.*— Where the owner furnishes the land and the teams and the tenant furnishes the labor with an agreement to divide the crops equally between them, a contract of hiring is created under section 4743, Code 1907, and the tenant has no such interest in the crop as to subject them to a valid mortgage; and this is true notwithstanding the owner told the mortgagee to take a mortgage on the tenant's crop and the owner also waived his landlord's lien in favor of one from whom the tenant's mortgagee purchased one of his mortgages and notwithstanding the owner told the mortgagee before he took his mortgage that if he would make advances to the tenant, he would see that he got half of the crop, such statement not being effective to put the legal title to the crop in the tenant.

APPEAL from Blount Circuit Court.

Heard before Hon. A. H. ALSON.

Action by V. Foust against Bain Bros., in trespass and trover for the conversion of cotton and other crops. From a judgment directed for the defendant, plaintiff appeals. Affirmed.

T. D. RUSSELL and J. B. SLOAN, for appellant. The statement of the owner who had the legal title to said crop was authority to the tenant to mortgage same so as

to convey the legal title thereto.—*Sellers & Co. v. Malone Pilcher & Co.*, 44 South. 414; 2 A. & E. Enc. of Law, 955. After a division of the crop, the legal title passed at once to the tenant and by virtue of his mortgages, to the mortgagee.—24 Cyc. 1472.

WARD & WEAVER, for appellee. On the facts in this case the relation of hire existed by virtue of the provisions of section 4743, Code 1907, and the tenant had only a lien on the crop for his share thereof, and had no mortgagable interest therein.—*Vandegrift & Son v. Hawkins*, 49 South. 754. The statements of the owner did not serve to vest the legal title to the crops in the tenant or his mortgagee.—*Williams v. Davis*, 45 South. 908.

SIMPSON, J.—This suit is by the appellant against the appellees in trover and trespass for certain cotton claimed to belong to the plaintiff. The plaintiff's title is based on certain mortgages made by G. W. Wynn on his crop of cotton, corn, etc.

The evidence is without conflict that the cotton in question was raised on the land of Frank Wynn, under a contract by which said Frank Wynn furnished the land and the teams or stock, and G. W. Wynn furnished the labor, and each was to have one-half of the crops raised. Under section 4743 of the Code of 1907, this contract created the relation of hiring, and G. W. Wynn had no interest in the crop which could be the subject of a valid mortgage. The plaintiff undertook to prove title by certain conversations between Frank Wynn and himself, in which he told Frank Wynn that G. W. Wynn was going to quit his crop unless plaintiff advanced to him, and said Frank Wynn told him to take a mortgage on the crops of G. W. Wynn, that Frank Wynn told G.

[Engle v. Patterson, et al.]

W. Wynn that any contract he made with plaintiff would be all right with him.

He also introduced a paper signed by Frank Wynn, by which he waived his landlord's lien in favor of one Wittmire, from whom plaintiff purchased one of the mortgages. He also proved by Frank Wynn that he told plaintiff, before he took the mortgage, that if he would advance to G. W. Wynn, he (Frank Wynn) would see that he got half of the crop. It is evident that, whatever may have been the obligations assumed by Frank Wynn by the various conversations with plaintiff, nothing that was said could operate to put the legal title to the cotton in G. W. Wynn, and he could not make a valid mortgage on that which he did not own.

It results that the court committed no error in giving the general affirmative charge in favor of defendants. The judgment of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and EVANS, JJ., concur.