# Hudson *v.* Wright.

## *Trover and Case.*

(Decided May 30, 1911.   Rehearing denied June 14, 1911.
56 South. 258.)

1. *Landlord and Tenant; Relation Between Croppers; Action.*—
Under the provisions of section 4743, Code 1907, where one party
furnishes the land and the team, and the other party furnishes
the labor with an agreement to divide the proceeds of the crop
among them, the relation is that of hirer and servant, and the per-
son furnishing the labor has no interest in the crop other than a
lien for the value of the part to which he was entitled, and hence,
could not maintain trover for a recovery of part of the crop.

2. *Same; Lien; Superiority.*—The lien given the landlord under
section 4734, Code 1907, is superior to that held by the laborer given
by section 4743, Code 1907, under an agreement to divide the crop
in shares.

3. *Same; Proceedings to Enforce; Evidence.*—Since the lien of a
landlord on a crop for rent and advances is paramount to that of the
lien of a laborer on his part of the crop, in trover by the laborer
for part of the crop alleged to have been taken by the landlord un-
der attachment it was competent for the landlord to show that the
property levied on by him was not sufficient to pay the rent and
advances due him.

4. *Same; Parties.*—The holder of a paramount lien on the prop-
erty need not always bring in all inferior lien holders in order to
enforce his lien, and hence, in a proceeding to establish an agri-
cultural landlord's lien, one having a lien as a laborer under a
contract with the tenant need not be made a party, since the statute
giving the landlord a paramount lien does not provide for bringing
in inferior lien holders, and a court of law has no power to adjust
the equities between them.

5. *Agriculture; Lien; Evidence.*—To entitle one having a lien as a
laborer upon crops under his contract with a tenant to enforce such
lien he must show how much was due thereunder.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Herman Wright against F. N. Hudson.
From a judgment for plaintiff, defendant appeals. Re-
versed and remanded.

See, also, 164 Ala. 298, 51 South. 389, 137 Am. St.
Rep. 55.

28—CA

[Hudson v. Wright.]

The complaint contained counts in trover and other counts for the destruction of a lien. Plea 3, as amended, is as follows: "And for further pleas in this behalf, defendant says that the taking and conversion alleged occurred in the following manner, and not otherwise: Defendant owned a farm in Etowah county, known as the Captain Beason farm; that the defendant rented said farm for the year 1906 to one J. T. Wright, and plaintiff subrented a portion of said farm from said J. T. Wright for the year 1906, and raised a crop thereon as the said tenant of said J. T. Wright for that year, and on to wit, the 22d day of February, 1907, defendant sued out an attachment from the city court of Gadsden against said J. T. Wright, to enforce his landlord's lien for the sum of $1,000, rent for the year 1906 of said farm, and the sum of $200 advances and supplies furnished the said J. T. Wright by defendant to enable him to make a crop on said rented premises; that the cotton, cotton seed, and corn referred to in plaintiff's complaint constituted a part of the crop raised on the said farm, rented by defendant to the said J. T. Wright during the year 1906, and constituted a part of the crop raised on said rented premises by plaintiff as a subtenant of said J. T. Wright; that the said attachment so sued out by defendant was levied on said property by the sheriff of Etowah county, and said property was taken in possession by said sheriff under said writ of attachment. (Here follows copy of the attachment writ.) And defendant avers that on the 28th day of January, 1907, he filed in said city court of Gadsden, a complaint, a copy of which is attached, and made a part of this plea. Defendant avers that the city court of Gadsden, on the 28th day of January, 1907, rendered a judgment in said attachment suit against the said J. T. Wright. (The judgment shows a recov-

[Hudson v. Wright.]

ery of $1,223, and the condemnation of certain property to the satisfaction of the landlord's lien, which was decreed on the property, and a sale in protanto satisfaction of the judgment.) Defendant further avers that the property owned by said J. T. Wright on said rented premises was not sufficient to satisfy defendant's said demand for rent and advances, and that no more of the property of plaintiff was levied on than an amount sufficient to supply the deficiency. Defendant avers that said cotton, cotton seed, and corn were sold by the sheriff of Etowah county, under the judgment of said city court of Gadsden hereinbefore set out, and the defendant avers that the legal title to the property for the value of which this action is brought was in J. T. Wright, under the contract of rental between said J. T. Wright and plaintiff, in that the contract of rental between said Wright and plaintiff was that said J. T. Wright would furnish the lands and team and plaintiff the labor to make said crop sued for, and to divide the crop equally between them." Plea 5 adopts plea 3, and refiles it to each count of the complaint as amended.

GOODHUE & BLACKWOOD, and E. O. McCORD, for appellant. No brief reached the Reporter.

GEORGE D. MOTLEY, for appellee. No brief reached the Reporter.

PER CURIAM.—This action is by the appellee against the appellant, some of the counts claiming for a conversion of two bales of cotton, corn, and cotton seed, claimed to belong to the plaintiff, and others alleging that the plaintiff had a lien on the cotton for services in making the crop, and that defendant, by taking said cotton under attachment proceedings against the

tenant in chief, deprived plaintiff of his right to enforce his lien against the same.

The evidence is without conflict that the defendant owned the land on which the cotton, etc., was raised; that the land was rented by him for the year 1906 to J. T. Wright; that the plaintiff worked a crop on said land under an agreement between him and said J. T. Wright, by which said Wright furnished the land, teams, etc., and the plaintiff furnished the labor, and was to receive one-half of the crops raised; that the two bales of cotton, etc., in question, were levied upon under an attachment sued out by the defendant against said J. T. Wright, for rent and advances made by the defendant, as landlord, to said J. T. Wright.

It was also in evidence that the plaintiff had previously sold two bales of cotton, of the crop raised by him, and out of the proceeds he retained $55.80, and placed $53.04 to the credit of J. T. Wright.

The court refused to allow the defendant to prove that the cotton, etc., received by him through the attachment proceedings was not sufficient to pay the amounts due him as landlord, for rent and advances, and rendered judgment in favor of the plaintiff.

Under section 4743 of the Code of 1907, and the numerous decisions thereon, the contract between J. T. Wright and the plaintiff created the relation of hirer and hireling, and the laborer has no property or interest in the crop, save that he has a lien on the crop for "the value of the portion of the crop to which he is entitled."—*Foust v. Bains Bros.*, 167 Ala. 115, 52 South. 743.

Section 4734 of the Code of 1907 provides that "a landlord has a lien, which is paramount to, and has preference over all other liens, on the crop grown on

rented lands for rent for the current year, and for advances made in money or other thing of value," etc.,

The plaintiff, not owning any part of the crop, could not recover in trover; and it is equally clear that under the counts claiming for interfering with his lien on the crops for his hire, he could not recover against one who had subjected the same to a lien which was superior to his. The fact that section 4743 of the Code gives to the laborer's lien "the same force and effect, and shall be enforced in the same manner, and under the same conditions, and in the same cases as the lien in favor of the landlord," does not contravene the positive provisions of section 4743, making the landlord's lien paramount to all other liens.

Pleas 3 (as amended) and 5 set out the facts showing the relation of hirer and hireling between said J. T. Wright and plaintiff, and that defendant's lien was paramount to that of plaintiff, and the court erred in sustaining demurrers to said pleas. Counts 5 and 7 of the complaint also set out the contract, showing a contract of hire.

In addition to all this, the evidence shows that the plaintiff made only four bales of cotton, and that he had received two, and sold them. The fact that he placed a portion of the purchase money to the credit of J. T. Wright is not explained; it may have been in payment of advances received by him from Wright, properly payable out of his portion of the crop.

Under the law and the facts as stated, the court should have allowed proof of the fact that the property levied on was not sufficient to pay the rent and advances due the landlord, and should have rendered judgment in favor of the defendant.

The case of *Hudson v. Wright*, 164 Ala. 298, 51 South. 389, 137 Am. St. Rep. 55, does not contravene

anything that has been said. In that case no issue was raised as to Wright's not being a tenant, but merely a hireling; but, on the contrary, the pleading represented him as a subtenant, in which case he would have an ownership in the property itself, and the decision of the court was that he should have had notice before his property was taken.

In this case it is shown distinctly that the plaintiff did not own any part of the crop, but, if he had anything, it was only a lien for an amount of money, which was inferior and subject to the paramount lien of the landlord. It is not the law that every one holding a paramount lien on property must bring in all inferior lienholders, in order to enforce his lien. Even in equity, while a second mortgagee may be made a party to foreclosure proceedings, yet he is not a necessary party.— *Cullman v. Batre, Ex'r,* 2 Ala. 415, 420; *Forrest's Ex'rs v. Luddington,* 68 Ala. 1, 14; *Walker v. Bank, Mobile,* 6 Ala. 452, 460; *Hartwell & Wilkins v. Blocker,* 6 Ala. 581, 587; *Gravlee v. Lamkin,* 120 Ala. 210, 218, 24 South. 756. The statute makes no provision for bringing in subsequent or inferior lienholders, and there is no process by which a court of law could adjust the equities between them.

In addition to what has been said, as we have remarked before, in substance, in order for the plaintiff to recover under the counts setting up a lien, it would be necessary to prove how much was due on his lien, and that it was superior to the lien of the defendant. The latter he could not do, and the former he did not do; but, on the contrary, the evidence tends to show that whatever lien he had had been satisfied.

It is unnecessary to consider other questions raised on the pleading.

[King v. Sawyer, et al.]

The Judgment of the court below is reversed. and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Mr. Justice Simpson, of the Supreme Court, before the transfer of the case to this court, and was adopted by this court.