# Willard *v.* Cox.

## *Detinue.*

(Decided November 13, 1913.  63 South. 781.)

1. *Landlord and Tenant; Renting or Hiring; Right of Parties.*—Under section 4743, Code 1907, where the owner of land furnishes the land and the teams to cultivate it, and another furnishes the labor with an agreemnt for an equal division of the crop raised, the landlord is vested with the possession and full legal title to the crop, and the other standing in the relation a laborer has a mere lien thereon for the value of his half.

2. *Same.*—Where the crop was divided between the landlord and the laborer with the stipulation that the title to the half left in the laborer's crib should remain in the landlord until the landlord had been paid an indebtedness for advances, and the landlord sued for such half in detinue, it was error to charge affirmatively for defendant.

3. *Confusion of Goods; Effect; Same Kind.*—Where goods intermingled are of equal value and approximately homogenuous, as a quantity of corn in the shuck, the several owners thereof are entitled to their aliquot part of the whole.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Detinue by A. W. Willard against L. E. Cox. Judgment for defendant under direction of the court, and plaintiff appeals. Reversed and remanded.

GARDNER GREENE, for appellant. Under the facts in this case the relation of hirer and laborer existed, and the legal title to the crop vested in the landlord.—Sec. 4743, Code 1907. The court, therefore was in error in instructing for the defendant.

J. R. FORMAN, for appellee. There had been a division fairly and squarely, and title vested in defendant as to his part of the corn.—*Sloan v. Wilson*, 117 Ala. 583. The agreemnt for the lien was nothing but a parol mortgage, and hence void.—Sec. 4288, Code 1907. It was conclusively shown that there was more than 200 bushels of corn in the crib and that there was nothing to identify the particular 50 bushels claimed. The court was not in error therefore in giving the general charge for defendant.

THOMAS, J.—The plaintiff (appellant), against whom the court below gave the general affirmative charge, brought suit in detinue against the defendant for 50 bushels of corn, the title to which he claimed under the following undisputed state of facts: The corn was raised on plaintiff's land by the defendant, under an agreement between them, whereby the plaintiff was to and did furnish the land and the team with which to cultivate it, and the defendant was to and did furnish the labor, with an express stipulation between them to equally divide the crops raised. When the crops were harvested, the cotton was sold and the proceeds

[Willard v. Cox.]

so divided, but the corn was divided in kind—the plaintiff's half being sent to and placed in his barn, and that of the defendant in the crib used by him on the premises. At the time of this division of the corn, however, the defendant being indebted to the plaintiff in a balance of some $30 on account for advances furnished the defendant during the year, it was agreed that the plaintiff was to, and he did, retain, until defendant should pay this balance on account, title to the half of the corn which, on the division, was allotted to defendant and placed in the latter's crib. Upon the subsequent failure and refusal of the defendant to pay this balance, the plaintiff brought this suit in detinue against him, who was still in possession.

Clearly, we think, under the facts stated, the legal title to the corn was in the plaintiff, and the affirmative charge given at defendant's request could not be justified on any theory to the contrary. Section 4743 of the Code fixed and defined the relationship between the parties, making it that of hirer and hireling—employer and employee, or master and servant—and not that of landlord and tenant; and it fixed and defined the interest of each in the crops raised, vesting in the plaintiff the possesison and full legal title thereto and in the defendant a mere lien thereon for the amount of the value of one-half, the measure of his wages for the year. —*Farrow v. Woodley & Jordan,* 149 Ala. 373, 43 South. 144; *Carleton v. Kimbrough,* 150 Ala. 618, 43 South. 817; *Arrington v. State,* 168 Ala. 145, 52 South. 928; *Foust v. Bains Bros.,* 167 Ala. 115, 52 South. 743; *Adams v. State,* 159 Ala. 115, 48 South. 795. A division between them in pursuance of the stipulations of the contract, whereby the one-half was set aside and delivered to defendant, would *without more,* vest in him the legal title to this half; his lien on the whole crop,

which the law gave him as security for his year's wages, fixed by agreement as equal to the value of one-half of the crop, being merged into a complete title to one-half of the crop so turned over to him in payment of such wages.—Authorities supra. But in such case the defendant's title to the one-half so delivered to him would come, not by statute or the operation of law, but would result purely from the agreement between the parties.

If here, as said, there had been only a division and a delivery of one-half to the defendant, the implication would be, nothing to the contrary being said, that the intention of the parties was thereby to vest title to the defendant in this one-half; but here, in avoidance of such implication, there was an express agreement that the title, which, as seen, was in the plaintiff, was not to pass to the defendant, but was to remain in the plaintiff until the defendant should pay the remainder of the debt for advances made him by the plaintiff for the year. Hence no support for the affirmative charge can be founded upon the theory that the plaintiff had no title to the corn.—*Carwile v. Carwile,* 131 Ala. 606, 31 South. 568.

The appellee's counsel, however, urge that this charge may be justified upon another ground, and that is that, while this suit is for only "50 bushels of corn in the shuck in a crib or bin on the place where defendant now lives" (the description contained in the complaint), the undisputed proof showed that there was 100 bushels of such corn in said crib or bin, so commingled that there could be no identification of the particular 50 bushels which plaintiff claimed out of the whole mass of 100 bushels. A sufficient answer to this contention is found in the fact that the rule with respect to a confusion of goods in such cases is that where the goods intermingled are of equal value—that is,

[Cammack v. Lavender.]

when the mixture, as here, is approximately homogeneous—each party is entitled to his aloquot part of the whole.—6 Am. & Eng. Ency. Law. 597; *Sims v. Glazenscr*, 14 Ala. 695, 48 Am. Dec. 120; *Gorman v. Littlefield*, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047.

The sheriff seized under the writ of detinue 50 of the 100 bushels of corn in the shuck in the defendant's crib, and the plaintiff, as shown, proved his title to and right to recover this much, if not more, as his aliquot portion of the 100 bushels. The court erred in giving the affirmative charge for defendant, and the judgment is consequently reversed, and the cause remanded.

Reversed and remanded.