# Williams *v.* Lay.

## *Detinue.*

(Decided November 20, 1913. 63 South. 466.)

1. *Detinue; Right to Maintain.*—Where a plaintiff and defendant were partners in raising a crop neither could maintain detinue for the same until his part had been set aside or divided.

2. *Same; Evidence.*—Where defendant was the legal custodian of the property he was not a tort feasor until put in default, and plaintiff was entitled to show, in an action in detinue for property a demand and refusal before suit brought.

3. *Evidence; Self-Serving Declarations.*—Where defendant claimed, in an action in detinue for cotton, that he and plaintiff were co-tenants on the ground that they had been partners in the cultivation, it was not competent for defendant to show that he had charged himself with the fertilizer used, where not shown to have been with the consent of plaintiff; such evidence being a mere self-serving declaration.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Detinue by S. P. Williams against R. H. Lay. Judgment for defendant and plaintiff appeals. Reversed and remanded.

[Williams v. Lay.]

CHENAULT & CHENAULT, and W. H. KEY, for appellant. Counsel discuss errors assigned but without citation of authority.

WILLIAMS & JONES, for appellee. No brief reached the Reporter.

ANDERSON, J.—This was an action of detinue for certain cotton and corn grown by the defendant upon the land of the plaintiff, and the only conflict between the parties as to the terms of the contract was as to who was to furnish the fertilizer used upon the land during the year 1911. The plaintiff's theory was that, as he furnished the land and team, as well as the fertilizer, and which was not to be paid for in whole or in part by the defendant, the contract was one of hire under the terms of section 4,743 of the Code of 1907, and that he therefore had the legal title to the crop. On the other hand, the defendant's theory was that, notwithstanding the plaintiff furnished the land and team as against his labor, it was a part of the contract that the defendant was to furnish or pay for half of the fertilizer, and which made them joint owners of the crop or cotenants under the terms of section 4792 of the Code of 1907. If the defendant's theory was correct, they were cotenants, and the plaintiff could not maintain detinue for the crop until his part had been set apart or delivered.—*Hendricks v. Clemmons*, 147 Ala. 590, 41 South. 306. Charge 1, given for the defendant, conforms to the law, and hypothesizes the only disputed fact in the case.

The trial court should not have permitted the defendant to testify that he charged himself with the fertilizer upon the other trial, as his charging himself with it, without consent or ratification of the plaintiff, was

but a self-serving act on his part to bolster up his version of the contract, and was not the proper way to prove said contract. So, too, should the plaintiff been permitted to show a demand and refusal before the suit was brought, as the defendant was the legal custodian or bailee of the crop, even if the plaintiff was the owner, and was not a tort-feasor until put in default.

The other errors insisted upon in appellant's brief are without merit.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.