# United Brothers of America and Sisters of True Love v. Kelly, et al.

### Assumpsit.

(Decided April 26, 1917.   75 South. 312.)

1. **Appeal and Error; Harmless Error; Evidence.**—Alleged error in the admission in evidence of an article of the constitution and by-laws of the defendant organization in an action on a life insurance policy was harmless, where the jury could not have been misled thereby.

2. **Appeal and Error; Presentation Below; Variance.**—Under circuit court rule 34 (175 Ala. xxi), providing that the trial court shall not be put in error for variance not shown by the record to have been properly brought to the trial court's attention, a judgment in an action on an insurance policy could not be reversed because of variance between the date of the policy

[United Brothers of America and Sisters of True Love v. Kelly, et al.]

as alleged in the complaint and the date of the policy introduced in evidence, where it appeared that such variance would have been avoided by amendment without touching the merits of the case if it had been called to the court's attention on the introduction of the policy in evidence.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Henry Kelly and others against the United Brothers of America and Sisters of True Love upon an insurance policy. Judgment for plaintiffs and defendant appeals. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

EVANS & FRIEDMAN for appellant. HILL, HILL, WHITING & STERN for appellees.

SAYRE, J.—Suit by appellees, claiming to be the surviving next of kin of Jane Kelly, deceased, against the United Brothers of America and Sisters of True Love on a policy of insurance on the life of G. O'Bryant, deceased, in which policy the said Jane Kelly was named as beneficiary.

(1) Appellees offered in evidence article VIII of the "constitution and by-laws" of the defendant organization. Appellant assigns for error the action of the court in overruling its objection to this evidence. In the court below the objection was that the evidence was immaterial, irrelevant, and unintelligible. The argument here is that this evidence may have led the jury to consider that appellees' claim was very modest in view of the declaration of article VIII that each member, if "financial," should be entitled to "three hundred dollars every one hundred and forty days after death to be paid to the beneficiary named on the face of the policy." Our judgment is that the next succeeding and final clause of the article, viz. "$50.00 every one hundred and forty days in an installment till same has been paid in full," in connection with the contract of insurance, which provided for the beneficiary therein named "an endowment of three hundred dollars," served perhaps to render the article intelligible to the effect that thereby defendant arranged—whether with authority or not is a matter of no consequence—the amounts and the times of payment of the installments in which the stipulated endowment was to be paid without increasing its total. At any rate, conceding that this piece of evidence was immaterial, irrele-

[United Brothers of America and Sisters of True Love v. Kelly, et al.]

vant, or unintelligible, and hence that no good reason can be assigned why it should have been offered or allowed, we are clear that the record affords no ground for apprehension that the jury have been misled by it to believe that the beneficiary became entitled to "three hundred dollars every one hundred and forty days" after the death of the insured, or that appellees out of modesty or other reason had abated any part of their demand against the United Brothers of America and Sisters of True Love. We must therefore deny the assertion of the brothers and sisters aforesaid that the ruling against them, even if technically erroneous, should suffice to reverse the judgment.

(2) Appellant also requested the general affirmative charge which was refused. The complaint counted on a policy of insurance dated, "to-wit, the 8th day of January, 1911." Appellees introduced in evidence a policy of date November 15, 1911, and testimony going to show that G. O'Bryant, the insured, had held a policy issued by appellant of date January 8, 1911, and that on November 15, 1911, he had surrendered said policy to defendant and accepted in lieu thereof the policy in evidence, and had complied with all the conditions of said policies. All this without objection. Appellant introduced evidence which went to show that O'Bryant's first policy had been forfeited for nonpayment of dues, and that several months afterwards he had been "reinstated" by the "Supreme Lodge" and the policy in evidence issued to him, after which he again failed to pay dues, and thereby suffered a forfeiture. It is thus made to appear that appellant was entitled to the general affirmative charge, which it requested, on the ground only, if at all, that there was a variance between the date of the policy alleged in the complaint and that of the policy in evidence. It is evident also that this variance could, and no doubt would, have been avoided by an amendment of the complaint, and that without touching the merits of the cause, had it been called to the attention of the court and parties by a proper objection to the introduction of the policy of date November 15, 1911.—Circuit court rule 34 (175 Ala. xxi) provides that the trial court shall not be put in error for such variance unless it appears on the record that it was properly brought to the attention of the trial court. It results that there can be no reversal on this second and last assignment of error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.