(81 South. 546)

TUCKER v. SPEER. (7 Div. 6.)

(Supreme Court of Alabama. May 1, 1919.)

1. AGRICULTURE ⬅11—LABORER'S LIEN—RELATION OF PARTIES TO CONTRACT.

Code 1907, § 4743, as amended by Gen. Acts 1915, p. 112, declaring that when one furnishes land and team to cultivate it and another furnishes the labor, with stipulation, express or implied, to divide the crop, the contract of hire shall be held to exist, and the laborer shall have a lien on the crop for the value of his portion, creates, as between the parties, the relation of employer and employé.

2. AGRICULTURE ⬅15¼, New, vol. 8A Key-No. Series—AGRICULTURAL LABORER'S LIEN—ASSIGNABILITY.

The agricultural laborer's lien created by Code 1907, § 4743, as amended by Gen. Acts 1915, p. 112, is assignable, it being declared that it shall have the same force and effect, and shall be enforced in the same manner, and under the same conditions, and in the same cases as the lien in favor of a landlord.

3. AGRICULTURE ⬅13—LIEN FOR LABOR—TITLE TO CROP.

Under Code 1907, § 4743, as amended by Gen. Acts 1915, p. 112, creating between one furnishing land and team to cultivate it and another furnishing the labor, with stipulation to divide the crop, the relation of employer and employé, and giving the laborer a lien on the crop for the value of his portion, title to the crop is in the employer.

4. AGRICULTURE ⬅15¼, New, vol. 8A Key-No. Series—AGRICULTURAL LABORER'S LIEN—ASSIGNMENT.

The agricultural laborer's lien on the crop given by Code 1907, § 4743, as amended by Gen. Acts 1915, p. 112, to one furnishing the labor to raise crop on shares, is assigned by his contract, with assent of landowner, turning over the crop to another, to take his place under his contract with the landowner, and gather the crop and make payment to him.

5. AGRICULTURE ⬅15¼, New, vol. 8A Key-No. Series—AGRICULTURAL LABORER'S LIEN—RIGHTS AFTER ASSIGNMENT.

One who has assigned his agricultural laborer's lien on a crop created by Code 1907, § 4743, as amended by Gen. Acts 1915, p. 112, on promise of the assignee to pay him, has no remaining interest therein which he can assign to another, on death of the assignee before he is paid by him.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by John Speer against J. E. Tucker. Judgment for plaintiff, and defendant appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

Lee, White & Lusk, of Gadsden, for appellant.

Hugh Reed, of Center, for appellee.

McCLELLAN, J. [1-5] Speer (appellee) instituted this action against Tucker (appellant) to enforce the payment to plaintiff of $50 that, plaintiff asserts in pleading and evidence, was due him as assignee of the agricultural laborer's lien (Gen. Acts 1915, p. 112, amending Code, § 4743) which then existed in favor of one Lingerfelt, who had cultivated, and himself and through one Hays gathered, the cotton crop grown on defendant's land during the year 1917. The amendatory act, just cited, created, as between Tucker and Lingerfelt, the relation of employer and employe. The amendatory act, by expressly assimilating the system prevailing with respect to the liens given landlords, authorizes the assignment of the laborer's lien, and clothes his assignee with the same rights the laborer has at the time he effects a valid assignment. Code, § 4743; Farrow v. Wooley, 149 Ala. 373, 376, 377, 43 South. 144; Ballard v. Mayfield, 107 Ala. 396, 18 South. 29. The amendatory act provides that—

"Such liens shall have the same force and effect, and shall be enforced in the same manner, and under the same conditions, and in the same cases as the lien in favor of a landlord." (Italics supplied.)

The title to the crop in question was in Tucker, the employer. Lingerfelt or his assignee having a lien, only, upon it; the measure of the laborer's lien being in a sum equal to the "value of the portion of the crop to which he is (was) entitled"—in this instance originally one-half. It was shown without dispute that Lingerfelt, to quote the recitals of the bill of exceptions, "sold the remainder of any crop to Will Hays, which was agreeable to the defendant. * * * Hays was to gather the balance of the crop and pay me $50 out of each bale of cotton. We estimated that there was three bales in the field. * * * When I turned the crop over to Hays I turned over all my interest in it, and he took my place under my contract with defendant." Assuming the employer's (Tucker's) agreement thereto or acquiescence therein, this contract effected to accomplish an assignment to Hays of all the interest and rights, including the lien, of Lingerfelt in or upon the crop, Lingerfelt taking from Hays his promise to pay $50 per bale therefor. Lingerfelt thus divested himself of the lien with which he was invested under the amendatory act, and accepted a promise from Hays to pay him $50 per bale that was not secured by the lien provided in the amendatory act. It results that the plaintiff, Speer, did not acquire, by the attempted subsequent assignment (on April 1, 1918), from Lingerfelt any lien under the provisions of the amendatory act—this for the reason that

Lingerfelt had theretofore, in November or December, 1917, transferred to Hays all his, Lingerfelt's, interest in, lien upon, or claim to, the crop in question. This was the effect of the transaction between Hays and Lingerfelt.

Lingerfelt testified that after Hays' death, which occurred March 25, 1918, he and Tucker had a settlement; that Tucker agreed to leave $50 with any one Lingerfelt directed; that Hays was then dead; and that Hays owed the witness $75, $25 of which Tucker paid in cash out of the proceeds of the crop he had sold and a deduction of $5 on account of commuted "road work." It is manifest that the $50 thus referred to was a sum to which Lingerfelt asserted his right under the contract of sale to Hays; the crop having been gathered and Hays having died just previously, and Tucker having sold the remainder of the cotton and received the proceeds thereof. Since Lingerfelt had, months before, divested himself of the laborer's lien and in the process invested it in Hays, Lingerfelt was without power to enter into an engagement, even with Tucker, that could postpone the vested rights of Hays' widow and children to any one, and was likewise powerless to create a status that would constitute Speer an assignee of any lien he, Lingerfelt, had prior thereto. Tucker's promise, if made, to observe any direction Lingerfelt might make with respect to the payment or deposit of $50 appears to have been without consideration in the circumstances. At any rate, the claim set up in the pleading and the trial of the case as it proceeded below renders it impossible to refer the judgment for $50 and interest to the theory that Tucker's asserted promise made him liable to the plaintiff. Furthermore, the paper executed and delivered by Lingerfelt to Speer, on or about April 1, 1918, only contemplated an assignment of Lingerfelt's assumed continuing laborer's lien; whereas he had long since transferred his lien to Hays.

The defendant was due the general affirmative charge. It was erroneously refused. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.